## CHANDLER v. HUDSON'S EXECUTORS.

Where A applied for letters of administration on the estate of B, C and D, who al-
leged that they were interested, as executors of E, in the estate of B, were allowed
to oppose the grant of letters as prayed for. The interest of C and D did not
appear.

It is true, that under this provision, (Hart. Dig. Art. 1126,) if there was no contest
about the vacancy of the succession, there could be no opposition to the grant of the
administration, without showing that some one else had superior claim to it; but
we apprehend that it is different where the opposition is to any administration
being granted at all. In such a case, it would seem that any person interested
might be heard to make opposition.

Where, in an application for letters of administration *de bonis non*, by a creditor,
filed June 15th, 1852, it appeared that the deceased had died in 1840; that adminis-
tration on his estate was granted in April of that year; and that the administra-
tion had been closed by the discharge of one administrator in 1849, and of the
other in May, 1852; and it further appeared that the claim of the creditor was a
judgment obtained against the deceased and another, in 1838, which was presented
to one of the administrators and accepted by him in December, 1840, but was
never presented to the Probate Judge to be ranked among the debts of the suc-
cession; *Held*, That there was no valid, subsisting claim, against the estate, dis-
closed by the facts, and that letters of administration *de bonis non* were rightly
refused.

It seems that where one of two judgment debtors dies, execution may run against
the survivor, without a discontinuance as to the deceased.

Stale demands cannot be made the grounds for re-opening a succession. Whenever
a case is presented, showing a legal reason for the delay, we will know how to
make the exception to the general rule based upon presumption.

*Appeal from Fayette.* The proceedings, in this case, were
commenced by petition filed June 15th, 1852. The facts will
be found in the opinion.

*F. W. Chandler* and *J. B. McFarland,* for appellant. I.
The County Court, where this proceeding commenced, is a
Court of limited jurisdiction, and persons have no right to in-
tervene, except in cases provided for by statute. The only op-
position which the statute authorizes, (Hart. Dig. Art. 1126,)
is where the intervenor claims the administration on his own
behalf, or in behalf of another.

II. The oppositionists do not disclose their interest, if any. The pleadings of the County Court must be governed by the same rules as those of the District Courts, as to certainty at least. (Hart. Dig. Art. 671; Caldwell v. Haley, 3 Tex. R. 318; Wright v. Wright, Id. 180; Mims v. Mitchell, 1 Id. 446; 1 Chit. Pl. 224; Story, Eq. Pl. Sec. 23; Mitf. Pl. 37.) If they had any legal or equitable interest in the estate of Whitchurst, and they feared that their right would be impaired by the plaintiff's obtaining letters of administration, they were bound to clearly state the character of that interest, and how they would be injured. The District Court should therefore have sustained the plaintiff's demurrer. If it be admitted that they could be heard as *amici curiæ* in the County Court, without any disclosure of interest, yet it will not be contended that they had a right to appeal in that capacity.

*J. A. & R. Green*, for appellees. I. This case is now reduced to a question of costs, as the matters in litigation have been settled, with this exception. The appellant, in his petition for administration, showed no ground why letters of administration should be granted to him—on the contrary he showed an estate administered in 1840. (Fisk v. Novel, 9 Tex. R. 13; Boyle v. Forbes, Id. 35.) He showed further that the estate had been settled in 1849, by the filing of the account, and the discharge of Brown, the only acting administrator. In order, therefore, to take advantage of this settlement, he must apply to the District Court to open the account, within two years. (Hart. Dig. Art. 1230, 807, 809.)

II. He alleges he represents a creditor; and his petition shows that the claim he represents is not a subsisting debt against the estate, for two reasons. (1.) It was never legally approved by the administrator, nor submitted to the Judge to be ranked among the acknowledged debts of the succession. (2.) It is barred by the statute of limitations.

III. But, to avoid these objections, he says that the appellees had no right to file an opposition, because they did not

allege their interest in the estate of Whitehurst or apply for letters to themselves or some other person. (Hart. Dig. Art. 1126.) This was not necessary. The statute authorizes "any person, at any time before the application is granted," to make the opposition. This is a substantive clause in the statute; it is based upon good policy, and intended to prevent indiscriminate applications for the administration of estates, which result in the waste and destruction of property belonging thereto.

The conclusion is sought to be drawn from the latter clause of the statute, that no opposition to a grant of letters can be made, unless there is an accompanying prayer for a grant to himself or some other person. This construction would prevent any opposition by any person, to a case where a grant of letters would not only be void, but be troublesome to parties entitled to the possession of the property. Such is not our construction of the law, either from its plain import, or from the reason thereof.

But even if the appellees had no right to object, the judgment of the District Court is still correct, that is in annulling the grant to Chandler. Chandler had no right to letters; and this Court will not reverse the judgment of the District Court, and thereby confirm the letters of administration to the appellant.

LIPSCOMB, J. Proceedings, in this case, were commenced in the Probate Court, by the appellant, on a petition to be appointed administrator *de bonis non*, on the estate of John H. Whitehurst. The petition sets out that in 1838, a judgment was obtained in the County Court of San Augustine county, against the said Whitehurst and one Ford, in favor of Eubanks and White, assigned to Eubanks; that Whitehurst died in 1840; and that his widow and John Brown obtained letters of administration, in April of that year, on his estate; that the judgment was presented to, and accepted by the said Brown in December of the same year, as a just claim against the estate; but it is not alleged that the claim was presented

to the Probate Judge to be ranked among the acknowledged debts of the estate; that Brown in 1849 filed his petition for final settlement, and alleged that the estate was insolvent; that Brown's account as administrator was approved, and he was discharged from the administration; that Mary Ann Whitehurst, the administratrix, was removed from the administration in May, 1852; that the estate was unrepresented, and that there was property belonging to the estate, that had not been administered, which was liable to be sold at administrator's sale to satisfy the judgment in favor of Eubanks. Petitioner alleges that he is the agent and attorney of Eubanks, who is the largest creditor, and prays for citation, and that letters of administration *de bonis non* on the said estate be granted to the petitioner. The appellees, as executors of Hudson, appeared and made opposition in writing, to the grant of administration, prayed for by the petition. In their opposition, they did not ask to be appointed administrators, themselves, nor that it should be granted to any one else; but the grounds of opposition were: 1st. Because the said estate has been fully administered, and the administrators discharged upon final settlement. 2nd. That it has been over two years since the final settlement and discharge of the administrator of said estate. 3rd. That letters of administration *de bonis non* can only be granted in cases of the death, resignation, or the removal of the former administrator. 4th. That the said pretended judgment, in the said petition mentioned, was never submitted to the Judge to be ranked among the acknowledged debts of the succession. 5th. That the pretended claim is not in fact a judgment. 6th. That the said claim is barred by the statute of limitations. 7th. That it does not appear where the pretended judgment was rendered. 8th. If in fact it were a judgment, it is not properly authenticated. 9th. It is vague and informal, and not a judgment against Whitehurst and in favor of Eubanks and Charles White. 10th. The record containing the evidence of the said claim, is incomplete, and therefore not a record. 11th. This Court could not grant the

letters prayed for, without adjudication that all the effects of the said estate had not been disposed of. 12th. Because the said claim was never properly and legally accepted. The respondents deny that there is any property of the said estate, which the former administrator failed to make any legal disposition of during the administration, and deny that there is any property belonging to the said estate, that is liable to be sold at administrator's sale to satisfy the aforesaid judgment. They deny that there is any property belonging to the said estate, and protest against the grant of letters of administration prayed for.

The appellant demurred to the opposition, and assigned several special grounds for the demurrer. We, however, do not regard any of them worthy of consideration, but first: The failure of the oppositionists to show any interest in the matter, or to show that they were the executors of Hudson. And, secondly, That their opposition, or intervention, could not be received by the Court, because they neither asked the administration for themselves or claimed that it should be committed to any other person.

The demurrer was sustained, and the order made as prayed, for letters of administration ; and it may therefore be answered to the first objection, that the parties were cut off from proving their interest, by the demurrer, as it is a legal conclusion, that, inthe judgment of the Court, the opposition, admitting it to be true as stated, afforded no sufficient ground for rejecting the prayer of the petitioner for letters of administration.

In support of the second ground of demurrer, the appellant in this Court refers to the Act of the Legislature. (Hart. Dig. Art. 1126.) It is true, that, under this provision, if there was no contest about the vacancy of the succession, there could be no opposition to the grant of the administration, without showing that some one else had superior claim to it, to the claim of the petitioner; but we apprehend that it is different, where the opposition is to any administration being granted at all. In such case, it would seem that any person interested might be heard to make opposition.

From the judgment of the Probate Court, an appeal was taken to the District Court, where a jury was waived and the case submitted by the parties, to the Judge, who reversed the judgment of the Probate Court and set aside and annulled the grant of letters of administration, from which judgment the administrator appealed to this Court, and assigns for error, the reversal of the judgment of the Probate Court.

We do not propose to consider the various grounds taken in opposition to the grant of the letters of administration. If true, they afford abundant grounds to support the judgment of the District Court in reversing the judgment of the Probate Court. We will notice objections presented by the petition itself, on its face.

In the first place, it may be objected to it, that it does not show any outstanding, subsisting debt against the estate. It does not show that the claim had been presented to the Probate Judge, to be ranked with the acknowledged debts of the estate. It presents a claim that (whether it be regarded as a judgment, or not) was barred by the statute of limitations, more than two years before the filing of the petition for letters of administration; and it has been the acknowledged doctrine of this Court, that the property of an estate passes to the heir, incumbered with the payment of debts. If then, the claim set up was barred by the statute of limitations, it was no longer a subsisting debt, nor incumbrance on the right of the heir, and no legal reason existed for an administrator *de bonis non*. The petition shows that an administration had been granted on the estate of the deceased, twelve years before application was made for letters in this case, when the laws governing the first administration required that it should be closed within one year, unless the Court, for good cause shown, should extend the time; and it is not shown that the time was extended.— The conclusion, therefore, is that it had been long since closed, and the legal presumption is, that all the debts against it had been discharged and satisfied. (Boyle v. Forbes, 9 Tex. R. 35; Blair v. Cisneros, 10 Id. 34.) The presumption of pay-

ment, from lapse of time, acquires great additional force from the fact, that the judgment was against Ford as well as White-hurst; and there was nothing to prevent the plaintiff from running his execution and obtaining satisfaction of the judgment, from Ford. It is therefore probable that in point of fact, it was so satisfied, and that he was again seeking satisfaction from the estate of Whitehurst.

If the claim, in point of fact, has never been paid, the party may justly ascribe his loss to his own negligence. If he presented it to the Judge to be ranked with the acknowledged debts of the estate, he could long ago have had it paid, either by the administrator, or he could have procured an order of sale of the property of the estate for its satisfaction, if not paid by the administrator. After such a lapse of time, the probability is, that the property has been divided with the heirs, and may be alienated to innocent purchasers; and if such claims, so long permitted to sleep, could receive judicial countenance, there is no foreseeing the extent of the injury, that would follow. We are of opinion that such stale demands cannot be made the ground for re-opening an estate by granting letters of administration. Whenever a case is presented, showing a legal reason for such delay, we will know how to make the exception to the general rule, based upon presumption. The judgment of the District Court is affirmed.

Judgment affirmed.