11 269
85 410

## Bridge v. Ballew.

Where the jurisdiction of a Court is limited as to amount, the general rule is acknowledged to be, in actions of this kind, to look to the damages claimed, to determine the question of jurisdiction; but this general rule is to be taken with the qualification, that a plaintiff shall not lay his damages higher than, by the rules of law, he had a right to recover.

A plea to the jurisdiction of the District Court, that the matter in controversy does not amount to, or cannot be valued at one hundred dollars, and that the plaintiff laid his damages at that amount fraudulently for the purpose of giving that Court jurisdiction, is a good plea in abatement.

Appeal from Colorado. Suit by the appellee against the appellant, alleging that he had lost a horse of the value of one hundred and fifty dollars, while travelling, and that the defendant had found him, and although demanded by the plaintiff, had refused to give him up, wherefore he prayed for judgment for five hundred dollars. There was a plea in abatement, to the jurisdiction of the Court, in which it was alleged that the matter in controversy did not amount to, and could not be valued at one hundred dollars, and that the damages were laid at a sum exceeding that, fraudulently, to give the District Court jurisdiction. To this plea there was a demurrer, which the Court sustained. There was also a general denial, and special allegations which are not now material. There was a

verdict for the plaintiff for one hundred and one dollars, and judgment accordingly.   The defendant appealed.

*J. H. Robson* and *N. H. Munger*, for appellant.

LIPSCOMB, J.   This suit was brought to recover damages for failing to deliver a horse, alleged to be the property of the plaintiff in the Court below.   It is averred that the horse was of the value of one hundred and fifty dollars, and damages are claimed to the amount of five hundred dollars.   A demand was alleged to have been made.

The defendant pleaded in abatement, that the horse sued for and all that the plaintiff was entitled to recover, did not amount to one hundred dollars, and that the plaintiff had fraudulently claimed damages to the amount of five hundred dollars, to · give jurisdiction to the District Court. . This plea, on demurrer of the plaintiff, was overruled ; and the judgment of the Court, in so sustaining the plaintiff's demurrer, is assigned for error.

By the 17th Section of the Judicial Department of the Constitution of the State, " Justices of the Peace shall have such " civil and criminal jurisdiction, as shall be provided for " by law." (Hart. Dig. p. 64.)   In Article 1712, Hartley's Digest, defining the jurisdiction of Justices, it will be found that they shall have jurisdiction " of all suits or actions for " the recovery of specific articles or the value thereof, and of " all suits and actions for torts, trespasses, and other injuries " to persons and property, where the amount claimed, or the " value of the article, or the damages sought to be recovered, " shall not exceed one hundred dollars, exclusive of interest."

When the jurisdiction of a Court is limited in amount, the general rule is acknowledged to be, in actions of the kind, to look to the damages claimed, to determine the question of jurisdiction ; but this general rule is to be taken with the qualification, that a plaintiff shall not be permitted to lay his dam-

ages higher than, by the rules of law, he had a right to recover. (See Swigley v. Dixon, 2 Tex. R. 192; Tarbox v. Kennon, 3 Tex. R. 7; Graham v. Roder, 5 Tex. R. 145.)

This suit is for damages, unliquidated it is true, but it is in the nature of the Common Law action of trover and conversion; and in that action unless special damages are alleged and proven, the highest amount that can be recovered, is the value of the property, at the time it was converted, and interest thereon to the time of the trial, or verdict* or, as modified by this Court, the time of the demand.

The jurisdiction of the District Court does not embrace amounts under one hundred dollars. (Judicial Department, Sec. 10 of the Constitution, Hartley's Digest, p. 62.) Without the limitation to the rule, that the amount claimed should determine the jurisdiction, a plaintiff could at all times bring his suit in the District Court, however small and trivial the amount, really in controversy, might be, by laying the damages high enough. Such evasion of the law cannot be permitted. In this case, the plea in abatement alleges facts, that if true, clearly show a design to evade the law, and bring the suit in a higher jurisdiction than the one to which his case properly belonged. The demurrer admits these facts to be; it admits that the damages had been laid with a fraudulent design to give jurisdiction to the District Court. This is the legal effect of the demurrer; and if we look to the evidence in the statement of facts, there can be little doubt that it was the very truth of the case. Only one witness testified to the value of the horse, and he swears that it was worth fifty dollars; that witness, too, was the brother of the plaintiff. We believe, then, that the Court below erred in sustaining the demurrer to the plea in abatement.

---

*The words " or, as modified by this Court, the time of the demand" are interlined in the original opinion, with a carat after the word " verdict." It seems that the interlineation should either have come in after the word " converted" or that it should have read " or, as modified by this Court, *from* the time of the demand." In the former case, the time of the demand would regulate both the valuation and the interest; in the latter, the interest only.—REP.

We will proceed to examine one other assignment of error: The judgment of the Court below, in overruling the motion for a new trial. The value of the horse, or that it was of any value at all, was only proven by one witness; and he proved it to be worth fifty dollars. The jury, on this evidence of the value of the property, without any evidence of special damage, or any proof to authorize vindictive damages, returned a verdict for the plaintiff, and fixed the damage at one hundred and one dollars—the odd dollar, no doubt, to bring it within the jurisdiction of the District Court; when all that could have been legally recovered under the circumstances of the case, if the question of jurisdiction was out of view entirely, was fifty dollars and interest thereon, to the date of the verdict; which could not have carried it near the amount found. The conduct of the defendant showed no grounds for any such excessive damages. He did not claim the property as his own; but claimed to have found it as a stray, among the mustangs, and when demanded by the plaintiff, expressed his willingness to surrender it, if the claimant would prove his property, as required by law. This the plaintiff promised to do, and appointed the time for so doing, but wholly failed, and brought suit. On the ground that the verdict, in this respect, was not authorized by the evidence, it ought to have been set aside. The proof was far from conclusive of the identity of the horse sued for, with the one lost by the plaintiff; and it appears greatly to preponderate against its being the plaintiff's horse. We would, however, have hardly felt authorized to reverse the judgment, on the ground of this defective proof, if that was all; because it was a question for the jury, and there was some evidence that it was the plaintiff's horse. The judgment of the Court, on the plaintiff's demurrer, is reversed, and also the final judgment, and the cause is remanded.

Reversed and remanded.