ADOLPH F. GOUHENANT V. JOSEPH W. ANDERSON.

Where the Court below, after the evidence to the jury was concluded, sustained a motion to dimiss for want of jurisdiction, this Court refused to revise the ruling, on the ground that there was no statement of facts, and that there might have been proof showing that the plaintiff, by his averments, sought improperly to bring the cause within the cognizance of the District Court.*

Error from Dallas. Tried below before the Hon. Nat. M. Burford.

The plaintiff laid his damages at $500. The plea of the defendant to the jurisdiction alleged that the lots sued for did not exceed in value $30 each.

*Crockett & Guess,* for plaintiff in error. There is no means of ascertaining the jurisdiction to which the case belongs, but by reference to the petition; no statement of facts is required in such cases. The petition sets up a cause of action within the jurisdiction of the District Court, and ought not to have been dismissed. (See Graham v. Roder, 5 Tex. R. 141; Tarbox & Brown v. Kennon, 3 Id. 7; Sevigly v. Dixon, 2 Id. 196.)

*McCoy & Nicholson,* for defendant in error. The evidence disclosed the fact that the defendant applied to, and obtained permission from, the plaintiff, to occupy the lots for his brickyard. It was also proved the lots were worth only $30 each, and the damage could not, of course, exceed the entire value of the lots.

The Court, then, took the view, that there was no reason for the plaintiff to suppose that defendant claimed the lots or questioned his title, and that the suit was brought to try title, simply to get the question of damages before the District Court. And it being apparent that the plaintiff sought to give jurisdiction

* From which it would seem to follow, that the issue whether or not the plaintiff has not sought improperly to bring the cause, by his averments, within the cognizance of the District Court, is triable by the Court without a jury.—REPS.

where it did not properly belong, there was no error in dismissing the cause. (Graham v. Roder, 5 Tex. R. 141.)

HEMPHILL, CH. J. This action was for the recovery of two lots in the town of Dallas, and for damages. The defendant averred that he never did claim, nor does he now claim the lots; pleaded to the jurisdiction, that the cause of action was cognizable only before a Justice of the Peace; and also not guilty. The jury, at the first trial, found for defendant. On new trial the cause was again submitted to the jury, and after all the evidence was heard, the defendant having moved to dismiss for want of jurisdiction, the motion was sustained.

This motion was predicated and sustained exclusively on the evidence in the cause, and, as there is no statement of facts, there is no criterion by which to test the correctness of the judgment. There may have been proof showing that the plaintiff by his averments sought improperly to bring the cause within the cognizance of the District Court. If so the suit should have been dismissed for want of jurisdiction. (Graham v. Roder, 5 Tex. R. 141; 3 Id. 7.) The presumption is there was such proof, or in other words, that the judgment was correct, and there being nothing in the record to rebut such presumption, it is ordered that the judgment be affirmed.

Judgment affirmed.