## M. F. Mott v. J. W. Riddell et al.

### (March 19, 1880.)

Administration, application for letters of — Limitation. — A creditor whose claim is barred by limitation cannot force an administration of an estate. When an administrator is removed the sureties on his bond cannot compel a second administration to determine the extent of their ʌ ility. The value of each act of service rendered by an attornt ꓶ an administrator in conducting the administration of an est. becomes due on its performance, and when such an account is sought to be enforced by legal proceedings, only such items as are within two years from the commencement of such proceedings will be allowed; all others are barred by the statute of limitations of two years.

Appeal from Galveston county. Opinion by Walker, J.

Statement.— November 11, 1875, M. F. Mott filed an application for letters of administration *de bonis non* on the estate of James McCulloch, representing that the former administrator had been removed; that the estate had never been closed; that there was a large amount of property in Galveston county belonging to the estate; that there are unpaid debts due from the estate which render an administration necessary, and that he was a creditor.

J. W. Riddell, as an heir and owner of the property, resisted the appointment, alleging that there was no necessity for further administration, and that the property had passed into the hands of the heirs; that there were no valid debts; there was also an application that Mrs. McCulloch be appointed if an appointment should be made.

The statement of facts shows: "M. F. Mott made appli-
cation for letters of administration on the ground of being
a creditor of the estate.   It was shown, upon a hearing of
the application, that the  claim was for  legal  services ren-
dered  jointly with  J. W. Harris, Esq., as attorneys of the
estate from the time of opening the same until the  removal
of the administrator, John W. Riddell; that said Mott and
Harris were attorneys of the estate continually until said
removal.   The justice of the claim of Harris & Mott was
denied, but no proof was heard, either as to the value or
nature of the services, or the time when rendered; that the
claim for legal services had never been adjusted or paid,
and that no claim or account for such services had ever
been presented to the administrator for allowance or rejec-
tion.   No claim or account or other evidence of indebted-
ness was shown to the court on a hearing of the application,
but it was admitted that the claim was an account for legal
services rendered the estate.

It was also shown that Harris & Mott had a claim against
John W. Riddell, the administrator, based upon the follow-
ing contract:

STATE OF TEXAS,      )
County of Galveston. )

I, John W. Riddell, administrator of the estate of James
McCulloch, deceased, agree that Messrs. Harris & Mott
shall be the sole attorneys of the administrator in the man-
agement of said estate; that they shall have the usual fees,
such as shall be  allowed by the  court, as attorneys of said
estate, and, in addition, that they shall have ten per cent.
on all that part of said estate which they shall obtain for
all the heirs of the same, except John McCulloch.

The said John McCulloch claiming the whole of said es-
tate, and it being the object of the said administrator to get
for the other heirs of the said James McCulloch what por-
tion of said estate they shall be entitled to, and to pay the
said Harris & Mott one-tenth of what they may be enabled
to secure for the said other heirs, in addition to their fees

as attorneys of said estate. Hereby binding as fully as I can do in the premises.

Witness my hand, January 8, 1867.

[Signed]                                    John W. Riddell.

It was claimed by applicant that this was a claim against John W. Riddell individually; also as administrator, in addition to the account for services rendered the estate. It was shown that Riddell qualified as administrator of the estate in January, 1867; that J. W. Harris and M. F. Mott became his bondsmen; that on June 17, 1873, by reason of the withdrawal of said Harris & Mott from his bond, he was cited to give new bond, which failing to do, he was removed November, 1873. It was shown that Riddell had never filed any account or exhibit as administrator. It was shown that Riddell had made payment to the heirs of the estate of their respective portions and held their receipts, or to parties claiming to be heirs, though the heirship of no party or parties had been established or any legal steps taken to establish the same. It was also shown that Mrs. M. J. McCulloch, widow of John McCulloch, was of no kin, by blood, to the deceased, James McCulloch; that Riddell had had the control and management of the property ever since his removal, and that there were no claims against the estate except that of Harris & Mott; that there were parties in and out of the state, some of whom were minors, who claimed to be heirs of the deceased, James McCulloch, but that no steps had ever been taken to establish their heirship, and no proof upon the point was heard upon a hearing of this cause.

Upon hearing, December 20, 1875, the application was refused, the order reciting that it appeared to the court that no necessity exists for administration upon said estate further than that already had. The applicant appealed, assigning error: 1. Error in refusing the application. 2. Error in decreeing that no further administration upon the estate was necessary.

Opinion.— It is our opinion:

1. That the written contract executed by the administrator extended only to a general retainer for the administrator; and, under the authority of Jones v. Lewis, 11 Tex., 366, the money value of each act of service became due on its performance, and the whole became an account against the estate, and which, when sought to be collected by legal proceedings against the estate, only items within two years from the commencement of such proceedings would be allowed.

2. The filing of the application of Harris & Mott to be released as sureties of Riddell on June 17, 1873, and the citation to give a new bond had the effect of suspending his power to act as administrator beyond the mere protection of the estate. From the citation in June, 1873, Riddell was only nominally the administrator and could not bind it by any act. Probate Act of 1870, § 114. This suspension was two years and nearly five months before the application by Mott.

3. It is doubtful whether the application for letters of administration de bonis non could have the effect, of itself, of stopping the statute of limitations from running even against the applicant. He is required by law to prove his account in proceedings had before the judge of the court of probate. Probate Act of 1870, §§ 186, 207.

4. Under the probate law in force at the institution of these proceedings (Act of 1870), it was the law that solvent estates be closed in the probate court; and that the partition had not been made was, ordinarily, a cause for the grant of a second administrator. The administrator de bonis non was required to account for the inventory of the original administrator. This compelled an exacting settlement with the former. Secs. 46, 271, 275. Parties interested in the administration could compel a settlement with the former administrator. Sec. 46. Those "interested in the administration" include only "distributees, creditors and the executor or administrator." Sec. 38.

5. The appellant's right to be heard in demanding a settlement of the estate would depend upon whether he was a creditor; he is not claiming otherwise.

6. If the claim of Harris & Mott appeared in the proceedings to have been barred by limitation, then Mott, by virtue of his interest in the claim, would not be a creditor in the meaning of the term when used in the administration of estates. Chandler v. Hudson, 11 Tex., 37.

7. It was not improper in the district judge to consider the statute of limitation as if pleaded to the account. The law required the court to disapprove all items apparently barred. P. D., art. 4614; Chandler v. Hudson, 11 Tex., 37.

8. If, as insisted in argument, there may be a liability upon Riddell's sureties which should be settled, such fact, it would seem, would prevent the appointment of the applicant. He is not a disinterested party. Sec. 103, Probate Act of 1870.

9. The supreme court, in Tyson v. Britton, 11 Tex., 224, in construing the repealed section 3 of the act of limitation of 1841, enunciated the proposition, which seems to have been regarded as a principle of construction, that "the legislature has prescribed a general rule with special disabilities or privileges, and these cannot be enlarged or extended to objects not embraced in the exception by mere implication or from parity of reason." We regard this as meaning that the exceptions to the running of the statute of limitations will not be extended by the courts. The court has held in certain conditions of facts and by reason of fraud the case will be taken out of the statute. Munson v. Hollowell, 26 Tex., 475. See, also, Cole v. Runnells, 11 Tex., 272. The claim held by Mott being an account and over two years before the application, within none of the statutory exceptions, was, on its face, barred.

10. The administration of the McCulloch estate had been opened in January, 1867, and for the apparent purpose of obtaining possession of the property from one John McCul-

loch, who held it and claimed as an heir. (See agreement.) Riddell made no exhibit or report of his acts during the six and one-half years of his administration. The purpose of the administration seems to have been accomplished by obtaining possession of the estate. The proceedings, so far as shown, consisted of qualifying, returning an inventory and reducing into possession the property. The removal was caused by his own attorneys, who were sureties on his bond. Subsequent to his removal, if not before, Riddell divided the rents of the property among parties claiming and recognized as heirs. He holds receipts therefor. The heirs, or parties claiming to be such, and whose claims are not disputed, so far as shown, have been taking and enjoying the proceeds of the property of the estate.

These facts in evidence may have been considered by the court sufficient to show an actual closing of the administration by the property passing into the hands of the heirs. In such event it was not necessary to grant a second administration (Fisk v. Norvell, 9 Tex., 13; Chandler v. Hudson, 11 Tex., 32), unless there were debts. It was, therefore, not an error of which appellant can complain, if it be an error, that the court, at his instance, refused to re-open the administration merely for the purpose of having a settlement made with the former administrator and a partition of the estate among the heirs who were already in possession.

11. We hold that while an heir or distributee or a creditor could have forced an administration de bonis non, and while the court could, in his discretion, and without error, have granted the application, yet the refusal was not an injury or deprivation of a right of which appellant can complain. His debt being barred, his voice in the administration could be disregarded. The adjudication that the estate needed no further administration was not without the support of testimony, and it was within the jurisdiction of the court, and was no injury to applicant.

The sureties on the bond of the former administrator

have not the right, as such, to compel a second administration to determine the extent of their liability (sec. 46, Probate Act of 1870), even if not disqualified thereby from appointment to such second administration.

Finding no error in the judgment, it should be affirmed.