### Wm. Little v. C. G. Woodbridge.

(No. 1170, Op. Book No. 3, p. 503.)

APPEAL from Clay County.  Opinion by WINKLER, J.

§ 152. *Jurisdiction; venue of suit.*  W. sued L. in Clay county for services performed under a contract in surveying lands in Clay county, alleging the residence of L. to be in Galveston county, and for jurisdiction relied upon the fact that he had performed the work in Clay

county. W. pleaded his personal privilege to be sued in Galveston county. *Held*, that the plea should have prevailed, as it was not shown that L. had contracted to pay W. in Clay county for his services performed in that county. It was not sufficient to give jurisdiction in Clay county that W. had agreed to perform and had performed his part of the contract in that county for which L. was liable to pay him. Such liability would be a general one, and not one which obliged him to comply with it at a particular place. To sustain the jurisdiction of the suit, the contract must have obligated L. to pay W. for his services in Clay county. [Pas. Dig. art. 1423; R. S. art. 1198; Wilson v. Adams, 15 Tex. 324.]

§ 153. *Amendment; allegation of fraud as a jurisdictional fact.* It was competent for the plaintiff to amend his petition by alleging fraud as a jurisdictional fact, after the defendant's plea in abatement or exception to the jurisdiction had been filed. [Evans v. Mills, 16 Tex. 198.] But the amended petition failed to allege, in connection with the allegation of fraud, the important and essential fact as to where the same was committed; for in such case the defendant was entitled to be sued in the county of his residence, unless the fraud was committed elsewhere, and if committed elsewhere he might be sued in the county where committed.

§ 154. *Jurisdiction; plea to, as to amount fraudulently claimed.* The defendant pleaded that the county court did not have jurisdiction of the amount really claimed by the plaintiff; that the amount actually due the plaintiff, if anything, was less than $200, and that the amount claimed by the plaintiff in his petition was falsely and fraudulently claimed by him for the purpose of giving jurisdiction to the county court. This plea was not sworn to, nor did the plaintiff except to it. *Held,* 1. That it was competent for the defendant to interpose this defense. [Tarbox & Brown v. Kennon, 3 Tex. 8; Graham v. Roder, 5 Tex. 146; Gouhenant v. Anderson, 20 Tex. 459.] 2. There being evidence before the jury

tending to establish the plea, the court should have instructed the jury that if they were satisfied from the evidence that the amount due from the defendant to the plaintiff, at the commencement of the suit, did not exceed $200, exclusive of interest, and that the plaintiff has alleged in his petition the amount to be greater than that sum for the purpose of conferring jurisdiction on the county court, they should find in favor of the plea.

February 9, 1881.           Reversed and remanded.