SANGER BROS. v. KER & MACHON.

(No. 1258, Op. Book No. 2, p. 347.)

APPEAL from McLennan County.   Opinion by WATTS, J.

§ **1081.** *Jurisdiction as to amount; fraudulent attempt to confer.*   Generally the question of jurisdiction as to the subject matter is determined by the amount claimed in the petition, but if it be shown to the satisfaction of the court, by proper pleading and competent evidence, that the plaintiff had, in stating his demands, thereby improperly sought to give jurisdiction where it did not belong, the cause would be dismissed.   [Bridge v. Ballew, 11 Tex. 270.]

§ **1082.** *Same; when it has attached, judgment may be for less than jurisdictional amount.*   When jurisdiction has rightfully attached in the county court upon a demand for more than $200, judgment may be rendered by that court for the amount found to be justly due the plaintiff, although such amount may be less than $200. [Bridge v. Ballew, 11 Tex. 269; Tarbox v. Kennon, 3 Tex. 7; Austin & Clapp v. Jordan, 5 Tex. 130; Ellett v. Powers, 8 Tex. 113.]

§ **1083.** *Arrest of judgment; grounds for.*   Appellant's motion in arrest of judgment was based upon the ground that the evidence showed that the amount of the account with which the firm was properly chargeable was not within the jurisdiction of the county court.   The motion was properly overruled.   The question could not be raised in that way.   It is well settled that matters apparent upon the record are alone available to arrest the judgment.   [Denison v. League, 16 Tex. 399.]

§ **1084.** *Discontinuance as to party not served.*   The statute expressly authorizes the plaintiff, when there are several defendants in a suit, some of whom have been served and others not, to discontinue as to those not served, and proceed against those served.   [Pas. Dig. 1448; R. S. 1256.]

**§ 1085.** *Partnership; service upon, and judgment against.* It is provided by statute that where suit is instituted against a partnership, service of process upon one of the partners shall be sufficient notice to all the members of the firm, the judgment in such case to be rendered against the partnership property and the individual property of the partners who may have been served. [Pas. Dig. 1514; R. S. 1224, 1346.]

**§ 1086.** *Partnership assets cannot be applied by member of firm to pay his individual debt, etc.* One partner cannot apply the partnership funds or securities to the discharge of his own private debt without the consent of the other members of the firm, and such a disposition of partnership assets will not be binding upon the firm or its creditors. [Goode v. McCartney, 10 Tex. 193.]

April 13, 1881.                                    Affirmed.