W. R. FITZPATRICK ET AL. V. WILLIAM SMALL.

(No. 1571, Op. Book No. 2, p. 412.)

APPEAL from Lamar County. Opinion by WATTS, J.

§ **1140.** *Jurisdiction of county court; injunction.* The county judge is authorized by the constitution to issue the writ of injunction, when necessary to the enforcement of the jurisdiction of the county court. It has been held in several cases that the county judge has the

power, and may issue the writ of injunction, in cases tried in justice's court, when such cases have been appealed or brought to the county court by *certiorari*. This is the utmost limit to which his authority extends in enjoining judgments of a justice of the peace. That is, wherever the county court has acquired jurisdiction, by appeal or otherwise, of a matter within the jurisdiction of the justice, then the county judge may issue the writ of injunction to enforce the jurisdiction of the county court; and it is only where the appellate jurisdiction has attached that the writ can be issued by the county judge. In this case, the judgment of the justice of the peace sought to be enjoined was under $20. The county court could not, by appeal or *certiorari*, or in any other mode, acquire jurisdiction of the matter. The effect of the injunction was not to enforce the jurisdiction of the county court, because it had no such jurisdiction, and could not acquire any. The injunction was issued without the authority of law, and appellant's motion to dissolve it should have been sustained.

§ 1141. *Jurisdiction; improperly seeking to give.* It is a well settled rule in this state that if the plaintiff, in stating his demand, do so in such manner as that it appears that he improperly sought to give jurisdiction where it did not rightfully belong, that his case should be dismissed for the want of jurisdiction. [Bridge v. Ballew, 11 Tex. 269; Sherwood v. Douthit, 6 Tex. 224; Austin v. Clapp, 5 Tex. 130; Gouhenant v. Anderson, 20 Tex. 459.]

§ 1142. *Damages; exemplary, for wrongful seizure of property.* To entitle a party to recover exemplary damages for the wrongful seizure of his property by an officer, the burden is upon such party to establish that the seizure was prompted by ill feeling or improper motive. [Weaver v. Ashcroft, 50 Tex. 427.]

June 15, 1881.  Reversed and remanded.