## J. C. BROWN v. THE STATE.

1. A continuance for want of testimony will not be granted upon the affidavit of an attorney, when no reason is shown why the affidavit was not made by the party litigant himself.

2. In an action of escheat, under Articles 3663, '4, and '5 of Paschal's Digest, the defendant set up a claim for improvements made in good faith. *Held*, that in actions of escheat no claim for improvements can be allowed; such claims can be allowed only in actions of trespass to try title.

3. The declaration in an action of escheat alleged that there was no person supposed to be concerned in the land; publication was made of the action, and one B. appeared and answered, and, after answering, he put in a motion to quash the citation. *Held*, that the motion to quash must

be regarded as a plea in abatement, and comes too late after a plea to the merits, which waives any irregularities in the service.

4. The appellant asked the court below to instruct the jury, that, from the nature of the grant (it being for a league), they were to presume that H., the grantee, was a married man ; and, if a married man, the presumption was that he had children ; and if he had children, the next presumption was that they, being younger than the father, survived him ; and that upon these presumptions the State was to take upon herself the onus of proving the death of the children before the suit was brought. *Held,* that the court did not err in refusing these instructions. Countervailing presumptions, arising from the facts of the case, are suggested in the opinion of the court.

APPEAL from Fayette. Tried below before the Hon. J. P. Richardson.

The opinion of the court sufficiently indicates the facts of the case.

No brief for the appellant has reached the hands of the reporter.

*Wm. Alexander, Attorney-General,* for the State.

WALKER, J. This was a proceeding in the District Court of Fayette county, to escheat a league of land granted to Walter Hamilton, by the Mexican Government, as one of Austin's colonists.

Brown, the intervenor, who has appealed the case *in forma pauperis,* claims eight hundred acres of the land. He assigns several causes of error.

*First.* He complains that the court overruled his motion for a continuance. The judgment of the court on this motion is very full, and shows several good reasons for overruling the motion.

*Second.* The affidavit was made by the attorney, and no reason was assigned why the party did not himself make it.

It did not show due diligence, and the facts set forth in the affidavit were, in the judgment of the court, immaterial.

It is assigned as error that the court, on motion, struck out the intervenor's amended answer. It does not appear from the transcript that it is a correct assignment.

On the 25th of April, 1871, the intervenor, by an amended answer, set up a claim for improvements made in good faith. To this the State filed a general demurrer, and afterwards a special demurrer, with a motion to strike out the amended answer; and it is very difficult to learn from this record what action was taken by the court on these pleadings. It perhaps may be inferred that the court sustained the demurrers, and we think that if such was the case, the ruling was correct; the plea could only have been proper in the action of trespass to try title, Article 5300, Paschal's Digest. This is a proceeding under Articles 3663, '4, '5.

The third assignment for error is somewhat of a novelty in this case. The State notifying all parties concerned by publication, under Article 3669, Paschal's Digest, might have caused a *scire facias* to issue to any person supposed to be interested in the subject matter; but in this case, the petition alleges that there is no such person. But had there been any merit in the motion, or ground for the motion, it was in the nature of a plea in abatement and came too late after plea to the merits, which waives any formality in the service.

We find no substantial objection to the charge of the court; it was applicable to the law and the evidence.

The counsel for intervenor asked an instruction from the court upon certain presumptions, to wit: From the nature of the grant to Walter Hamilton, it must be presumed that he was a married man, and if a married man, the next sequence is the birth of children, and if children were born, the third presumption in the chain of sequences would be that they, being younger than their father, survived him, and upon all these presumptions the State must take upon itself the onus of proving the death of the children before the suit was brought. It occurs to us that the State would be placed under a grave embarrassment if required to prove the death of persons at or before a par-

ticular time, who are not known to have ever had an existence. It occurs that contrary presumptions may have neutralized the force of those referred to.

If Walter Hamilton was never known to have had a child, although a married man, by those who were acquainted with him, and though many years ago he is known to have been the recipient of a large and valuable tract of land, and no child or children has ever appeared to claim such land, a fair presumption would arise that none such were living. Another presumption would be, that if Walter Hamilton had a child, knowing himself to be the owner of this land, he would have imparted this information to the child; and the child, if living, would have appeared to have claimed the land.

It is assigned as error that the court overruled the motion for a new trial.

We are unable to discover from this record why a new trial should have been granted; there were but few material facts necessary for the jury to pass upon, and the evidence certainly supports their finding. That Hamilton once owned the land, was proved by a copy of the grant from the Mexican Government. That his acquaintances and friends had lost all sight of him for many years prior to the commencement of the suit was proven by the witnesses. We should be slow to affirm this judgment, as we would be in all like cases, if any substantial objection stood against it; but after a careful examination of the record we are compelled to affirm it.

Affirmed.