## ALEXANDER v. STATE.

### No. 4874.

Court of Civil Appeals of Texas. Amarillo.

March 21, 1938.

Rehearing Denied April 25, 1938.

Geo. S. Berry and W. D. Benson, Jr., both of Lubbock, for appellant.

L. D. Ratliff, Jr., of Spur, for the State.

JACKSON, Chief Justice.

On December 29, 1932, J. C. Keller executed his will and, after providing therein for the payment of his just debts, devised to his wife, Roxie W. Keller, all the remainder of his estate, and named her as independent executrix of his will.

J. C. Keller died January 22, 1933. His will was filed in the probate court of Dickens county on February 24th following, and admitted to probate on March 28th thereafter, and the decree of said court has never been vacated or set aside.

Roxie W. Keller died March 3, 1936, and on the 23d of said month, B. F. Hale was appointed by the probate court of Dickens county administrator of her estate, and he qualified as such March 27th following.

Dr. R. L. Alexander, on April 27, 1936, through his attorneys, presented to the probate court of Dickens county an instrument which he alleged constituted the last will and testament of J. C. Keller and Mrs. J. C. Keller, with an application requesting that such instrument be admitted to probate. The instrument, after directing that the debts of the testators be paid, gave the wife, Roxie A. Keller, certain property, and also provided that since they had no heirs, in the event J. C. Keller predeceased his wife, that on her death, the sisters of J. C. Keller, Mrs. Janie Polk, Mrs. Emma Mc-Querry, and "the other sister," not named, should receive certain property. They remembered other parties as objects of their bounty, among whom was A. B. Smart, who received a substantial bequest conditioned on his taking care of Mrs. Keller after the death of her husband.

On May 11, 1936, the State of Texas, acting through the district attorney of the 110th judicial district and the county attorney of Dickens county, joined by B. F. Hale, the appointed, qualified, and acting administrator of the estate of Roxie W. Keller, filed in the probate court of Dickens county a contest to the application to have the purported will admitted to probate. They alleged that the instrument sought by Dr. Alexander to be probated was not the last will and testament of Mrs. Keller; that it was not signed by her or her husband; that it was not executed with the formalities required by law, and was not in the handwriting of either of the purported testators; that the name of one of the purported witnesses, Bill Author, was not his signature; that L. C. Williams, the other witness, was a fictitious person, but if he was not, the instrument was not signed by two credible witnesses, and, therefore, not entitled to probate; that the State of Texas was interested in the estate of Roxie W. Keller, deceased, since she left no will, no heirs, and no blood relatives, and under the law the State was entitled to contest the will and, after the payment of the debts and the cost of administration, was entitled to the estate.

On June 3, 1936, the proponent of the will, Dr. R. L. Alexander, filed a motion stating in substance that the contestants, the State of Texas and B. F. Hale, failed to show in the contest filed that either of them had any interest in the estate that would authorize them to contest the will, and prayed that the court require proof of the interest of said parties in the estate before hearing proof on the probate of the will, and unless said parties were found to be persons interested that the contest be stricken and dismissed.

The court, on June 3, 1936, sustained the motion as to B. F. Hale, administrator, but overruled it as to the State, which he found was an interested party and could contest the probate of the alleged will, and refused to probate the instrument as the last will of J. C. Keller or Mrs. J. C. Keller, deceased, and the proponent prosecuted an appeal to the district court of Dickens county.

The case was tried in district court at the March term, 1937, and in response to special issues submitted by the court, the jury found, in effect, that there were no living blood relatives of Mrs. J. C. Keller; that the purported will offered for probate and introduced in evidence was not the last will and testament of Mrs. J. C. Keller; that the name, Bill Author, signed to the

will as a witness was not the genuine signature of Bill Author. On these findings the court refused to admit the instrument to probate, and this action of the district court is before us for review.

Appellant contends first that the court committed error in permitting the State to contest the will since it was not such a party at interest as is contemplated by the statute, and, second, that in any event, the issues of the interest of the State should have been heard and determined prior to proceeding with the trial on the validity of the will.

In support of his first contention, appellant relies on Hopf v. State, 72 Tex. 281, 10 S.W. 589, 592. In that case, the county attorney, in behalf of the State, contested the will of Martin Nieman on allegations of unsound mind, undue influence, a head injury affecting his mind, and that the will was not in the handwriting of Nieman nor attested by two credible witnesses.

The State did not allege any interest in the estate of Nieman, and there was not a suggestion in the evidence that he died without leaving blood relatives; however, the judgment was not reversed because the State appeared and contested the will by its county attorney. Chief Justice Stayton says: "No reasons are shown which entitle the state to contest the probate, and an escheat cannot be declared in a proceeding to probate a will. It does not appear, however, that any objection was made to the contest, nor to the introduction of evidence; and as it would have been the duty of the court, if it thought necessary, to draw out all the facts bearing upon the execution of the paper offered for probate, known to any witness brought before it, it is unimportant that this was done by a person not entitled to make the contest. It was proper that the court should consider all legitimate evidence brought before it."

The Nieman Case was before the court again, In re Nieman, Tex.Sup., 14 S.W. 25, and the same learned judge, after quoting the finding of the trial court to the effect that one of the subscribing witnesses had signed the will after the death of Martin Nieman, says: "If this finding is based on sufficient evidence properly admitted, it must end the case; and it is unimportant at whose instance the witnesses to prove that fact were brought before the court."

■ Inasmuch as the court held in Hopf v. State, supra, that it was the duty of the court to draw out all the facts bearing on the execution of the will known to any witness before it and that it was unimportant that this was done by persons not entitled to contest the probate and unimportant at whose instance the witnesses were brought' before the court, the trial judge could have elicited the evidence on which the jury answered the issues submitted, and such action by the trial judge would not, we believe, have been less effective than the contest presented by the county and district attorneys. Hence, in our opinion, this action does not present reversible error.

The second contention presents as error the refusal of the court to have the jury ascertain as a fact issue whether the State had any interest in the property of Roxie W. Keller, deceased, before proceeding with the trial to determine the validity of the will.

The court did require the State in limine to introduce all its testimony on the issue of whether the deceased had any blood relatives at the time of her death. The appellant then offered its controverting testimony to the effect that deceased did have blood relatives at the time of her death. Both sides closed on said issue; the court refused to instruct the jury to find in behalf of appellant thereon and declined to submit such fact issue to the jury before proceeding to hear the testimony offered for and against the validity of the will.

■ The appellant does not complain of the refusal of its peremptory instruction on the issue affecting the State's interest, does not challenge the sufficiency of the testimony to support the jury's finding thereon, nor does he claim that the jury would probably have found that there were blood relatives of the deceased if such issue had been submitted and the jury required to pass thereon before proceeding with the trial to probate the will. On the trial of the merits the State offered no further testimony on said issue, and the court, in its charge, placed the burden on the State to prove that the deceased died without inheritable blood, and we think the question here complained of was within the sound discretion of the trial judge, and since there is no showing that appellant suffered any injury, this contention is overruled. 1 Tex.Jur. para. 134, page 184; 41 Tex.Jur. para. 15, page 718; Gilmer v. Graham, Tex.Com.App., 52 S.

W.2d 263; Hogan et al. v. Stoepler, Tex. Civ.App., 82 S.W.2d 1000.

Under this record was the State such a party as is permitted to contest a will?

Article 3315, R.C.S., provides: "Any person interested in an estate may, at any time before any character of proceeding is decided upon by the court, file opposition thereto in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits."

In Pena y Vidaurri's Estate v. Bruni, Tex.Civ.App., 156 S.W. 315, 316, the court said: "The expression, 'person interested,' as used in the statute, includes only him, who either absolutely or contingently is entitled to share in the estate or the proceeds thereof, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor."

In 44 Tex.Jur. page 912, par. 329, the writer states the rule in this language: "The right of a party to oppose probate or contest the validity of a will depends upon a determination of the question as to whether he may claim any property of the decedent in the event that the purported will is held to be invalid. A person who, within the purview of article 3315, is 'interested' in the estate, is one who 'would but for the will have an interest in the estate'".

This text is supported by the holding in Moore v. Stark, 118 Tex. 565, 17 S.W. 2d 1037, 21 S.W.2d 296; Dickson et al. v. Dickson et al., Tex.Com.App., 5 S.W. 2d 744; Abrams et al. v. Ross' Estate et al., Tex.Com.App., 250 S.W. 1019; Daniels v. Jones et al., Tex.Civ.App., 224 S.W. 476, writ refused.

Article 3272 in part provides: "If any person die seized of any real estate or possessed of any personal estate, without any devise thereof, and having no heirs, * * such estate shall escheat to and vest in the State."

■ Under the provisions of this article and the findings of the jury that the deceased Roxie W. Keller left no inheritable blood, the title to the property of her estate, but for the will, would have vested in the State of Texas, and, in our opinion, the State had such an interest as authorized it to contest the validity of the will. Ellis v. State, 3 Tex.Civ.App. 170, 21 S.W. 66, 24 S.W. 660; Robinson et al. v. State et al., Tex.Civ.App., 87 S.W.2d 297. However, should this conclusion be unwarrant-

ed, the probation of the will would have been denied for we must assume that the trial judge would have discharged his duty and elicited the testimony, the sufficiency of which is not challenged, on which the jury based their finding, in effect, that the will was a forgery, and, therefore, appellant was not injured.

■ The appellant asserts that the court erroneously permitted the introduction of, and the use by the jury without proper proof of their genuineness, purported signatures of Mrs. Roxie W. Keller affixed to extraneous instruments as a standard of comparison with the signature in controversy. This assignment is directed to the testimony of J. L. King, who said he had seen the deceased sign her name a few times, and who appellant admits testified that he saw Mrs. Keller write her name to some of the extraneous instruments sought to be excluded. The appellant says he does not know on which of such instruments the witness claims to have seen the deceased write her name nor does he refer us to any part of the record where such information could be obtained. If appellant is unable to determine from the record which instruments the witness testified he saw the deceased sign, we would, were we to search the record, though not required to do so, doubtless be unable to obtain that information. It is not claimed that the instruments upon which the witness saw the deceased write her name should have been excluded, and, in our opinion, they were admissible.

In Askins, Inc. v. Sparks, Tex.Civ.App., writ refused, 56 S.W.2d 279, 281, Chief Justice Walker says: "The rule now seems to be that signatures on papers not connected with the case may be received for the purpose of comparison with the signature in issue when the proffered signatures are shown to be genuine. No issue was raised against the genuineness of the signatures offered in evidence as a basis of comparison."

In the instant case, the appellant does not attack the genuineness of the signatures which he sought to exclude, but contends that the testimony was not sufficient to show them to be the genuine signatures of deceased.

Article 3737b, Vernon's Ann.Civ.St., provides that: "In the trial of any civil case, it shall be competent to give evidence of handwriting by comparison, made by experts or by the jury. The standard of

comparison offered in evidence must be proved to the satisfaction of the judge to be genuine before allowing same to be compared with the handwriting in dispute."

█ It is obvious that the court was satisfied as to the genuineness of the signatures introduced as a standard of comparison or they would not have been admitted. In addition to the testimony complained of, the State offered numerous other witnesses who testified as to the genuineness of the signature of the deceased, Mrs. Keller, among whom was F. G. Collier, an expert, in whose bank she had carried an account for a number of years, and who testified that from actual observation he was familiar with and knew her signature, and, in his opinion, she did not sign the will offered for probate.

The judgment is affirmed.