**SOUTHERN PACIFIC TRANSPORT COMPANY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14384.**

Court of Civil Appeals of Texas.

Houston.

May 28, 1964.

Rehearing Denied June 18, 1964.

Ralph S. Carrigan, William B. Cassin, Houston, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellant.

Waggoner Carr, Atty. Gen., W. O. Shultz, II, Lawrence Merriman, Asst. Attys. Gen., Austin, for appellee.

WERLEIN, Justice.

This suit was brought by the State of Texas to escheat certain personal property held by appellant, Southern Pacific Transport Company consisting of unclaimed wages which it was alleged appellant owed to its former employees for the years of 1952, 1953 and 1954 in the sum of $3,008.24, and $25.98 in vouchers payable to other individuals or companies. Although the

creditors in question had never asserted or sought to enforce such claims against appellant and the same were barred by the two and four year statutes of limitation, appellant, relying on the opinion of the Attorney General of Texas, reported such claims in 1962 to the State Treasurer of Texas as "Property Subject to Escheat" under the provisions of Article 3272a, Vernon's Annotated Texas Statutes. In this report appellant asserted that the claims reported were barred; that when the right to plead the bar of limitations vests it cannot be constitutionally divested by the State; and that the report was filed under duress solely to avoid the severe penalties provided for failure to file such report. After receiving such report the State instituted this suit to escheat the claims in question and to force appellant to pay the State the aggregate amount thereof in the sum of $3,034.22. There being no disputed facts, both parties moved for summary judgment. Appellee's motion was granted by the trial court and appellant's motion was denied.

Appellant asserts that the trial court erred in holding that the two and four year statutes of limitation may not be pled in bar to the enforcement by the State of escheated claims which were barred before the claims escheated, and also erred in not granting appellant's motion for summary judgment based upon appellant's plea of limitations. Article 3272, V.A.T.S., provides in part:

"If any person die seized of any real estate or possessed of any personal estate, without any devise thereof, and having no heirs, or where the owner of any real or personal estate shall be absent for the term of seven years, and is not known to exist, leaving no heirs, or devisee of his estate, such estate shall escheat to and vest in the State. Where no will is recorded or probated in the county where such property is situated within seven years after the death of the owner it shall be prima

facie evidence that there was no will, and where no lawful claim is asserted to, or lawful acts of ownership exercised in, such property for the period of seven years, and this has been proved to the satisfaction of the court, it shall be prima facie evidence of the death of the owner without heirs."

In 1961 the Legislature enacted Article 3272a, V.A.T.S., which provides, among other things, that every person holding personal property, subject to escheat under Article 3272, V.A.T.S., at the time of the effective date of the Act, shall within sixty days thereafter file a report thereof with the State Treasurer as specified in Sec. 2 of such Article, and also that every person who holds personal property which becomes subject to escheat under Article 3272 shall file a report with the State Treasurer. Article 3272a, V.A.T.S., provides that the term "personal property" includes, but is not limited to, money, stocks, bonds and other securities, bills of exchange, claims for money or indebtedness and other written evidences of indebtedness, dividends, deposits, accrued interest, etc. Such Article also provides:

Section 1(c) "The term 'subject to escheat' shall include personal property presumed to be subject to escheat by the prima facie conclusions contained in Article 3272, including all personal property (1) of which the existence and whereabouts of the owner are unknown and have been unknown to the holder for more than seven (7) years and (2) on which, from the knowledge and records of the holder it appears that no claim or act of ownership has been asserted or exercised during the past seven (7) years and (3) on which no will of the last known owner has been recorded or probated in the county where the property is situated within the past seven (7) years."

The trial court, in its summary judgment in favor of appellee, recited that there was no dispute as to the fact that the claims

against appellant which are the subject of the present suit, were actually abandoned and there is no person presently entitled thereto, and, therefore, said claims have, under the terms and provisions of Arts. 3272 and 3272a of Title 53 of the Revised Civil Statutes of Texas, escheated and title thereto is vested in the State of Texas. The court further recited "that the statutes of limitation may not be pled against the State of Texas so as to bar enforcement of escheated claims of the sort here in issue." The court in its judgment ordered and decreed that appellant deliver the sum of $3,034.22 in cash to the State Treasurer of Texas.

The sole question for consideration and decision by this Court is whether or not appellant can be forced to pay the amount of the alleged claims to the State of Texas, regardless of the fact that such claims were all barred by the two and four years statutes of limitation of this State prior to the enactment of Art. 3272a and prior to the time that such claims were escheated by the State.

The last known owners of the claims in question were the creditors of appellant whose claims for wages and other simple debts had not been pressed for more than seven years prior to the date of the report on which the suit is based. All such creditors, although duly cited, wholly made default and the claims were declared escheated to the State.

The relationship between appellant and such former creditors was solely one of debtor and creditor. No trust relationship existed between them. Appellant has not in the past nor does it now possess any money or other property belonging to such former creditors. Appellant does not deny the right of the State to escheat the abandoned claims of appellant's former creditors, but it does deny the right of the State to enforce payment to the State of escheated claims which were barred by limitation prior to the time they escheated.

■ Although appellee alleges that the claims in question have escheated under both Articles 3272 and 3272a, V.A.T.S., it has apparently relied upon escheating such claims as abandoned property under Article 3272a. No effort was made by appellee to prove when any of appellant's creditors died. Hence, appellant would have to rely upon a presumption of death in order to escheat the claims under Article 3272. The law is well settled in this State that the death of an absent person may not be inferred to have occurred at any particular time short of the seven year period prescribed in Article 5541, V.A.T.S. in the absence of evidence tending to show the actual time of death. Sovereign Camp W. O. W. v. Boden, 117 Tex. 229, 1 S.W.2d 256; 17 Tex. Jur.2d, p. 513, § 8. In the instant case there was no such evidence. Under the undisputed facts of this case the claims in question were all barred by limitation prior to the escheat whether they were escheated under Article 3272 or 3272a, or both articles.

Appellee takes the position that appellant may not plead limitations against the State unless it can cite a statute which expressly provides for such plea. It relies upon such cases as Smith v. Power, 1859, 23 Tex. 30; Brown v. Sneed, 1890, 77 Tex. 471, 14 S.W. 248; Waters-Pierce Oil Co. v. State, 48 Tex.Civ.App. 162, 106 S.W. 918, error ref.; and State v. Stone, 1954, Tex.Civ.App., 271 S.W.2d 741. These cases merely hold that limitation does not run against the State unless provision is made therefor by statute. They do not hold that limitation cannot be pled in an action brought by the State upon claims acquired by the State after such claims and the cause of action based thereon have been barred by limitation and the right to plead limitation has become vested in the defendant.

Appellee cites the case of Ellis v. State, 1893, 3 Tex.Civ.App. 170, 21 S.W. 66. This case is factually distinguishable from the instant suit. In the Ellis case it was shown that one Stephens who died in 1862 seized of certain land, left no will or heirs. Ellis took possession of the land in 1865 and

improved the land from 1865 to 1890, when the State brought suit declaring that the land escheated when Stephens died. The evidence showed the time when Stephens died intestate and without heirs. No mere presumption of death was relied upon by the State to establish the fact of death. Hence under the law the land escheated at the time it was shown Stephens died, and title became vested in the State at such time so that limitation did not run against the State's claim.

Appellant does not contend that limitation has run against the right of the State to bring this suit to escheat the claims in question. It concedes that the State may bring a suit to escheat a claim after such claim is barred by limitation, but it insists that in such suit the State acquires only what the owners of the claim possessed at the time the property was escheated. In the instant case the State acquired the claims in question, but the right to enforce such claims was barred by limitation at the time the claims escheated. Prior to the acquisition of such claims by the State, appellant had a vested right to plead and rely upon limitation.

■ It is our view that the State in escheating such claims did not acquire any better or greater right to enforce the claims than was possessed by the former owners. The State cannot acquire by escheat property or rights which were not possessed at the time of escheat by the unknown or absentee owners of such property or rights. In Hall v. Claiborne, 1863, 27 Tex. 217, the court said: "The statute of escheats was intended simply to vest the property belonging to the decedent in the state; * *"

This principle is based upon ancient common law precedents. In Viscount Downe v. Morris, 1844, 3 Hare 394, 67 Eng.Rep. 435, the court, after reviewing English authorities dating back to the 17th Century, stated: "But, as a general proposition, whatever estate or benefit the tenant retains, which would have passed to his heirs, if he had

any, * * * that the lord by escheat may claim."

In State by Parsons v. United States Steel Corporation, 1956, 22 N.J. 341, 126 A.2d 168, the court said:

"Limitations operate not against the State *per se*, but against the basic claim of the unknown owner. If, by virtue of limitations, the owner can obtain nothing, the State is under like disability. State, by Parsons v. Standard Oil Co., supra [5 N.J. 281, 74 A.2d 565]; State v. Western Union Telegraph, supra [17 N.J. 149, 110 A.2d 115]. This is the derivative consequence, long recognized in the law of escheat. Brown v. United States, 65 F.2d 65 (9th Cir. 1933); Croner v. Cowdrey, 139 N.Y. 471, 34 N.E. 1061 (Ct.App.1893); Pawlett v. The Attorney General, Hardres, 145 Eng.Rep. 550 (Ex.1679); Viscount Downe v. Morris, 3 Hare 394, 67 Eng. Rep. 435 (V.C.1844); cf. Evans v. Brown, 5 Beav. 114, 49 Eng.Rep. 520 (R.C.1842). The right of action to escheat or to obtain custody of unclaimed property is not derivative; but what may be obtained by exercise of the right is dependent upon the integrity of the underlying obligation."

Appellee asserts that judgment declaring that the statutes of limitation have barred the claims of appellant's former creditors would be void and would "deprive such persons of valuable rights and property without due process of law." We do not agree. The rights of appellant's former creditors were escheated to the State by the trial court and the judgment of escheat has become final. Appellant's former creditors have no longer any valuable rights to assert against appellant. Had appellant's former creditors sued appellant on such claims prior to the escheat and appellant had pled limitation, the burden would have been on such creditors to both plead and prove coverture, minority or some other exception which would prevent the statutes of limitation from running. 37 Tex.Jur.2d,

p. 396, § 205, and authorities cited. Upon escheat of the claims, such burden devolved upon appellee. Appellee did not attempt to establish any exception that would keep limitation from barring the claims in question.

There is no merit in appellee's contention that a holding that appellant may plead the statute of limitations in an action brought by the State on claims barred by limitation at the time they were acquired by the State, would render Article 3272a a nullity and that the State would never be able to obtain any property in any action brought under such Article. There are numerous actions for personalty wherein limitations could not be pled, or could be pled only under such restrictions as would eliminate the plea as a defense in an escheat action. As an example, we refer to State of New Jersey v. Standard Oil Co., 1950, 5 N.J. 281, 74 A.2d 565, aff'd 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078, where the State of New Jersey sought to escheat (1) unpaid dividends on capital stock, (2) 12 shares of capital stock, (3) unpaid wages, (4) money withheld from wages for Liberty bonds, (5) unpresented Commercial Bank checks, and (6) interest due on corporate debentures. The court upheld the plea of limitations as to unpaid wages, unpresented bank checks, and interest on corporate debentures, but denied the plea on unpaid dividends and money withheld for Liberty bonds, since such items were held in trust and limitations did not begin to run until the holder had refused a demand for their payment.

■■ We are of the opinion that when the claims in question became barred, the right to plead the statutes of limitation in the suit brought thereon became vested in appellant and that the State could not divest appellant of such right by escheating the claims in question, nor by its escheat laws lift the bar of limitation which had accrued in favor of appellant. Article 1, § 16, of the Texas Constitution provides: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of con-

tracts, shall be made." It is our view that the proper interpretation of such provision as it affects appellant's vested right to plead the statutes of limitation was announced by our Supreme Court in Mellinger v. City of Houston, 1887, 68 Tex. 37, 3 S.W. 249, as follows: "' * * * or if an attempt were made by law, either by implication or expressly, to revive causes of action already barred, such legislation would be retrospective, within the intent of the prohibition, and would therefore be wholly inoperative.'"

In Wilson v. Work, 1933, 122 Tex. 545, 62 S.W.2d 490, the Court, in a per curiam opinion, stated:

"In this connection it is the settled law that, after a cause has become barred by the statute of limitation, the defendant has a vested right to rely on such statute as a defense. Cathey v. Weaver, 111 Tex. 515, 242 S.W. 447; Grigsby v. Peak, 57 Tex. 142; 9 Tex. Jur. p. 534, § 100. We here refer to 9 Tex.Jur. pp. 527 to 535, and notes, for general discussion of vested rights and retroactive laws."

There is no express provision in the laws of Texas which abrogates appellant's right to plead limitation as against enforcement of claims which are barred before escheated, nor is there any implied exception of which we are aware. In the early case of Gautier v. Franklin, 1847, 1 Tex. 732, Judge Hemphill, in speaking for the Court, said:

"Prescription by which an end is put at some time to litigation is founded upon the highest considerations of public policy * * *

"Such laws should be regarded with favor by courts of justice, and receive such interpretation * * * as would defeat the mischief intended to be suppressed, * * * *"

In Continental Supply Co. v. Hutchings, Tex.Civ.App., 267 S.W.2d 914, error ref., the court said: "Statutes of limitation are now generally regarded with favor by the

courts, are to be construed as other statutes, and their application is not to be evaded by implied exceptions. Davis v. Howe, Tex. Com.App.1919, 213 S.W. 609." See also Robin v. Ely & Walker Dry Goods Co., Tex.Civ.App., 137 S.W.2d 164, error ref.; Mott v. Riddell, Tex.Com.Ct.1880, 2 Posey 107; Sherman v. Sipper, 1941, 137 Tex. 85, 152 S.W.2d 319, 137 A.L.R. 263.

We are of the opinion that the part of the Trial Court's judgment escheating the claims should be affirmed, and that the part of the judgment ordering appellant to pay the amount of the escheated claims to the State should be reversed and rendered.

Affirmed in part and in part reversed and rendered.