

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 30, 1965

Honorable Jesse James
State Treasurer of Texas
Drawer X, Capitol Station
Austin, Texas 78711

Opinion No. C-475

Re: Whether personal property
held in Texas by foreign
corporations for persons
whose last known address
is outside Texas or is
unknown are required to
be reported to the State
Treasurer under Article
3272a; and whether unclaimed
wages must be reported

Dear Mr. James:
pursuant to such statute?

Your recent letter requesting the opinion of this office
reads as follows:

"As you know, the United States Supreme Court
has held in the case of the State of Texas vs. State
of New Jersey, Et Al, 379 U.S. 674 (1965), that the
debts owed by a corporation are subject to escheat
only by the State of the last known address of the
creditor as shown by the debtor's books and records,
or if there is no address at all, or if the last
known address is in a state which does not provide
for escheat of the property owed them, then the debts
owed by the corporation are subject to escheat by the
State of corporate domicile subject to the right of
the State of last known address to recover, if and
when its laws make provision for the escheat of such
property.

"Also, the Supreme Court of Texas, in the case
of Southern Pacific Transport Company, Et Al v. State,
380 S.W.2d 123 (Tex.Civ.App. 1964, error refused),
has held that the holder of unclaimed wages may
plead that the two and four year statutes of
limitation have barred the actions of the persons
to whom the wages are owed and thereby defeat an
action by the State to escheat such wages.

"In view of these two recent decisions, it will be appreciated if you will advise this office by official opinion upon the following questions:

1. Whether it is necessary for a corporation chartered in a state other than Texas to report to the State Treasurer pursuant to Article 3272a, Vernon's Civil Statutes, personal property held in Texas for persons whose last known address, according to the books and records of the corporation, is outside the State of Texas or whose address is unknown?

2. Whether it is necessary for unclaimed wages to be reported to the State Treasurer pursuant to Article 3272a, Vernon's Civil Statutes?"

You are hereby advised that in our opinion both of your questions must be answered in the affirmative.

Article 3272a of Vernon's Civil Statutes requires that certain personal property specified therein be reported to the State Treasurer of Texas. Section 1(b) of such Article defines the term "personal property" and reads as follows:

"The term 'personal property' includes, but is not limited to, money, stocks, bonds and other securities, bills of exchange, claims for money or indebtedness and other written evidences of indebtedness, dividends, deposits, accrued interest, purchase payments, sums payable on certified checks, certificates of membership in a corporation or association, amounts due and payable under the terms of any insurance policy, security deposits, unclaimed refunds and deposits for utility or other services, funds to redeem stocks and bonds, undistributed profits, dividends, or other interests, production and proceeds from oil, gas and other mineral estates, and all other personal property and increments thereto, whether tangible or intangible, and whether held within this State, or without the State for a person or beneficiary whose last known residence was in this State." (Emphasis added)

-2251-

The above emphasized language of the statutes has been before us for interpretation on a previous occasion. We then held that such language required that reports of property subject to escheat include all personal property held in Texas, regardless of the last known address of the person for whom such property is held. Attorney General's Opinion WW-1180 (1961). This would, of course, include those situations where the name or address of the person entitled to such property is unknown. Attorney General's Opinion WW-1189 (1961).

We have also previously held that Article 3272a requires the reporting of personal property in the form of an indebtedness against which the statutes of limitation may have run. Attorney General's Opinion WW-1232 (1962). Unclaimed wages necessarily fall within the scope of this previous holding.

We perceive no reason to abandon our prior holdings in this regard, or the reasoning in support thereof, unless we are in some way so compelled by the decisions in Texas v. New Jersey, 379 U.S. 674, 85 S.Ct. 626, 13 L.Ed.2d 596 (1965) and Southern Pacific Transport Co. v. State, 380 S.W.2d 123 (Tex.Civ.App. 1964, error refused).

In Texas v. New Jersey, supra, the question for determination was not whether the escheat laws of the various states involved encompassed the property in question, but rather which of the states having escheat statutes which applied to the property in question were entitled to escheat. The solution to the controversy was not determined by the validity or invalidity of any procedural or substantive requirement of the escheat statutes of the various states involved. The Court made this clear when it stated at 85 S.Ct. 631:

> "We realize that this case could have been resolved otherwise, for the issue here is not controlled by statutory or constitutional provisions or by past decisions, nor is it entirely one of logic. It is fundamentally a question of ease of administration and of equity. We believe that the rule we adopt is the fairest, is easy to apply, and in the long run will be the most generally acceptable to all the States."

The rule laid down by the Court merely established a ranking or priority of right to escheat under the facts presented by the record.

In the Southern Pacific Transport Co. case the Court held that in a suit to escheat unclaimed wages, a plea by the holder that the claims of the wage earners were barred by the two and four year statutes of limitation, would preclude the escheat of such wages in the absence of a showing by the State that facts existed which avoided the plea of limitations.

After a study of all of the provisions of Article 3272a we cannot conceive that anyone could contend that the reporting of property required by the statute is tantamount to taking such property under the statute. If a holder of property reported under Article 3272a should feel that the state is not entitled to take such property, then he may refuse to deliver such property to the State Treasurer and await the institution of a suit under Section 4(d) of Article 3272a to compel delivery of such property. In such proceeding the holder may raise such defenses as he may think are available to him and the state will have the opportunity to introduce any evidence which is available to avoid such defensive pleas.

The Legislature has met twice since Attorney General's Opinions WW-1180, WW-1189 and WW-1232 were rendered. The 59th Legislature was in session on January 27, 1965, when the Supreme Court of Texas entered its order refusing a Writ of Error in Southern Pacific Transport Co. v. State and on February 1, 1965, when the United States Supreme Court rendered its opinion in Texas v. New Jersey. They are presumed to have known of these court decisions and the construction accorded the reporting provisions of Article 3272a by the opinions of this office. 39 Tex.Jur. 248-250, Statutes, § 132, and cases there cited. The 59th Legislature in fact amended Article 3272a on May 26, 1965, without changing the language interpreted by this office in WW-1180, WW-1189 and WW-1232, and without indicating that our interpretation was in error. In view of these circumstances, it must be presumed that the Legislature has acquiesced in such interpretation and for us to now hold that the reporting of the personal property inquired about in your letter is unnecessary would be an unconstitutional usurpation of the legislative prerogative. Section I of Article II of the Texas Constitution.

## SUMMARY

Personal property held in Texas by foreign corporations for persons whose last known address, according to the books and records of the corporations, is outside Texas or whose address is unknown

must be reported to the State Treasurer under Article 3272a; unclaimed wages must be reported to the State Treasurer of Texas under Article 3272a; the opinions in Texas v. New Jersey, 379 U.S. 674, 85 S.Ct. 626, 13 L.Ed.2d 596 (1965) and Southern Pacific Transport Co. v. State, 380 S.W.2d 123 (Tex.Civ.App. 1964, error refused) do not alter the requirement for reporting such personal property.

Very truly yours,

WAGGONER CARR
Attorney General

By W. O. Shultz
Assistant

WOS:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Gordon Cass
Ben Harrison
Pat Bailey
Gordon Zuber

APPROVED FOR THE ATTORNEY GENERAL
By: Hawthorne Phillips