SHELL OIL COMPANY, Appellant,

v.

STATE of Texas, Appellee.

No. 244.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

April 30, 1969.

Rehearing Denied May 28, 1969.

R. H. Whilden, C. E. Nadeau, Houston, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, Hawthorne Phillips, W. V. Geppert, J. C. Davis, Charles R. Parrett, W. O. Shultz, Asst. Attys. Gen., Austin, for appellee.

TUNKS, Chief Justice.

Pursuant to Article 3272a, Vernon's Ann.Tex.Civ.St., the statute relating to "Personal property subject to escheat" enacted in 1961, the appellant, Shell Oil Company, in 1962, 1963 and 1964 duly filed its reports listing certain properties in its possession which were derived from mineral proceeds. Each of the items so reported was described as cash from production income. As to each item it was listed as having accumulated during a period not less than seven years previously. Each of the items so listed was "subject to escheat" as that term is defined in Section 1, paragraph (c) of Art. 3272a.

On March 27, 1965, the State of Texas filed suit in the district court of Harris County, Texas, asking an adjudication that such properties so reported by the appellant by declared escheated to the State and that appellant be directed to deliver them to the Treasurer of the State of Texas. The appellant's answer included an allegation that the cause of action to recover the property of each owner listed in its report had accrued more than four years previously and was barred by the four-year statute of limitations and that, since the cause against it alleged by the State was derived from the causes of action of such owners, the State's cause of action was also barred.

Numerous interrogatories were propounded by the State. Those interrogatories and the answers to them occupy almost all of the 197 page transcript filed. Through such procedure all fact questions were eliminated. There remained before the trial court the sole question of law as to whether the statute of limitations had barred the causes of action of the owners of those claims listed on the reports filed by Shell Oil Company. It clearly has been established that when the reported claims were barred by limitations, the right to plead such a bar was vested and the State could not divest the appellant of such rights by escheat. Southern Pacific Transport Co. v. State, Tex.Civ.App., 380 S.W.2d 123, err. ref. That is to say, even though the properties of the various reported owners, which properties constitute claims to certain portions of cash derived from the production of oil and gas, were subject to escheat, those claims escheated subject to the right, if any, of the appellant to plead that the right to recover them was barred by limitations.

The State does not deny that the holding of Southern Pacific Transport Co. v.

State, supra, is the established law. It is the State's contention, rather, that Shell Oil Company and each of the parties to whom it became obligated to pay a portion of the value of the oil and gas produced or purchased stood in the relationship of tenants in common and that a tenant in common may not mature title by limitation against his co-tenant until after he has repudiated the title of the co-tenant. The record showed that Shell Oil Company had not at any time communicated to the various owners of the listed claims that it, Shell Oil Company, denied liability thereon nor had it done any other thing that would constitute a repudiation of a co-tenancy, if any there existed.

Shell Oil Company, on the other hand, has taken the position that the claims of those owners listed on its reports, and which claims are the subject matter of this litigation, are not claims arising out of a co-tenancy relationship. Most of the listed claims are claims arising out of written contracts, leases or division orders specifying in each case that portion of the value of the oil and gas produced or purchased which the signer of the lease or the division order was entitled to receive, so that the four-year statute of limitation is alleged to be applicable.

Each party filed motion for summary judgment. The trial court granted the State's motion and rendered summary judgment that Shell Oil Company pay to the treasurer of the State of Texas the sum of $3,215.37, which sum represents the total of the claims listed on the reports filed by Shell. Shell has appealed.

■ Where oil and gas are produced pursuant to some written contractual agreement between the producer or the purchaser from the producer and an owner of an interest therein, by which agreement provision is made that the producer or purchaser from the producer shall make a specified payment to the contracting owner of such other interest, the contracting owner's right to recover from the producer or its purchaser is contractual and the cause of action asserting that right is subject to the four-year statute of limitations.

Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716, involved a situation wherein Luling sold to Humble one-half interest in certain oil and gas leases under an agreement whereby Humble was to conduct the production operation and to account to Luling monthly for Luling's portion of the proceeds from such production. The Supreme Court held that Luling's causes of action to recover its shares of the proceeds from production accrued as of the date of the monthly accounting required by the contract and that those causes of action were subject to the four-year statute of limitations.

In Ortiz Oil Co. v. Geyer, (Comm.App., opinion adopted), 138 Tex. 373, 159 S.W.2d 494, royalty owners sued the holder of the ⅞ths working interest to recover unpaid royalties. The producer pleaded the two-year statute of limitation. The Court said, at p. 497, "Since the action is upon a breach of contract the four-year statute of limitation is applicable and the lower courts properly overruled the plea of the two-year statute of limitations urged by the oil company."

■ The appellee argues that even though a lease contract specifies a royalty payable, a lessor could, as co-tenant, sue for an accounting for profits made rather than sue for contractual royalties. We do not agree. In Texas Oil & Gas Corp. v. Vela, (Tex.Sup.Ct.), 429 S.W.2d 866, the Supreme Court held that the royalties payable to lessors of an oil and gas lease must be determined by the terms of the lease itself, not on the basis of a percentage of the amount for which the production was sold.

In Humble Oil & Refining Co. v. Fantham, Tex.Civ.App., 268 S.W.2d 239, err. dismd., where recovery of royalties payable under an oil and gas lease was sought, the

Court said, at p. 244, "The four-year statute of limitations applies insofar as appellees were seeking to recover payments due them under the mineral lease more than four years prior to the filing of their action."

In a number of cases the Fifth Circuit Court of Appeals has held that the four-year statute of limitations is applicable to claims of the nature of those here under consideration. Among those cases are: Foster v. Atlantic Refining Co., 329 F.2d 485; Phillips Petroleum Co. v. Williams, 158 F.2d 723, and Hickok Producing & Development Co. v. Texas Co., 128 F.2d 183.

■■■ Some of the claims listed by the appellant in its reports arise not out of oil and gas leases but out of division orders executed by the claimants. Division orders, too, give rise to a contractual relationship, just as oil and gas leases do. Chicago Corp. v. Wall, 156 Tex. 217, 293 S.W.2d 844. No reason appears as to why a different rule should prevail as to the statute of limitations applicable to the payments under a division order than that applicable to payments under a lease.

The appellee cites authorities for the proposition that where one co-tenant, without the consent of the other co-tenant, makes a profit from the jointly owned property, he must account to the other co-tenant for a share of such profit and that, in such situation, limitation does not begin to run against the co-tenant to whom the accounting is due until the co-tenancy has been repudiated. Those authorities are not applicable here. As noted above, this record shows that most of the claimants to the property here involved have agreed, not only to the production and sale of the oil and gas, but also that they are to receive specified portions of the proceeds of such sales. Their causes of action are not for an accounting as to profits made by a joint owner, but are for recovery on their contracts. Texas Oil & Gas Corp. v. Vela, supra; Chicago Corp. v. Wall, supra.

■ Among the claims listed by Shell Oil Company in its reports were a few instances in which the claimant had signed neither an oil and gas lease nor a division order. In each of those instances, however, Shell was a mere purchaser of production in which it had no working interest. In those cases there is no indication of any co-tenancy the repudiation of which would have been necessary to accrue a cause of action for the recovery of a part of the production so purchased by Shell.

In each instance, as to the claims here involved, the cause of action against Shell accrued at or about the time of the production or purchase of the oil and gas in question. All had accrued more than four years before the filing of this suit. All were barred by limitations. The trial court erred in its judgment directing Shell to pay to the Treasurer of the State of Texas the sum of money represented by the listed properties.

Each of the parties to this appeal filed motion for summary judgment in the trial court reciting that the record shows that there is no issue as to any material fact. Those recitations are correct. Not only does the record fail to show a question of fact, it shows that the material facts are uncontroverted and that the rights of the parties to the appeal are subject to determination as a matter of law. By the determination that we have made as to the law applicable to the material facts, the appellant is entitled to judgment in its behalf. Under those circumstances we are authorized to reverse the judgment of the trial court insofar as it rendered judgment for the State for recovery of the properties in question and to here render judgment for appellant on that phase of the case. McBean v. McBean, Tex.Civ.App., 371 S.W. 2d 930, no writ hist. See also Southern Pacific Transport Co. v. State, supra.

That portion of the trial court's judgment adjudicating the claims in question subject to escheat is affirmed. That portion of the trial court's judgment directing

Shell Oil Company to pay the sum represented by those escheated claims to the Treasurer of the State of Texas is reversed and judgment is here rendered that the State of Texas recover nothing from Shell Oil Company.