## MALLOY et al. v. GALVESTON COUNTY.

### No. 9548.

Court of Civil Appeals of Texas. Galveston.
June 24, 1931.

Rehearing Denied Sept. 24, 1931.

Howell Ward, of Corpus Christi, and McDonald & Wayman, of Galveston, for appellants.

Owen D. Barker and Fine G. Bedford, both of Galveston, for appellee.

PLEASANTS, C. J.

This appeal is from a judgment of the court below condemning for public use as a county park a tract of land belonging to appellants, and containing less than 100 acres.

The only question presented by the appeal is the power or authority of the appellee to condemn land for public park purposes.

Appellee seeks to condemn appellants' land under the authority conferred by articles

3264a and 6078, Revised Statutes of 1925. Article 3264a confers the right of eminent domain upon the counties of this state as follows: "The right of Eminent Domain is hereby conferred upon counties of the State of Texas for the purpose of condemning and acquiring land, right of way or easement in land, private or public, except property used for cemetery purposes, where said land, right of way or easement is necessary in the construction of jails, courthouses, hospitals, delinquent and dependent schools, poor farms, libraries or for other public purposes, where such purpose is now or may hereafter be authorized by the Constitution or statutes of this State."

Article 6078 authorizes counties "to levy and collect a tax not to exceed five cents on each $100 of assessed valuation of the county for the purchase and improvement of lands for use as county parks which shall consist of not more than one hundred acres, and shall not exceed more than four in any one county. No such tax shall be levied and collected until the proposition is submitted to and ratified by the property taxpaying voters of the county at a general or special election called for that purpose, provided, a two-thirds majority of the property taxpaying voters of such county, at an election held for such purpose shall determine in favor of said tax. If said court desires to establish two or more of such county parks they shall locate them in widely separated portions of the county. Said court shall have full power and control over any and all such parks and may levy and collect an annual tax sufficient in their judgment to properly maintain such parks and build and construct pavilions and such other buildings as they may deem necessary, lay out and open driveways and walks, pave the same or any part thereof, set out trees and shrubbery, construct ditches or lakes, and make such other improvements as they may deem proper. Such parks shall remain open for the free use of the public under such reasonable rules and regulations as said court may prescribe."

The public necessity for the acquisition of appellants' land for county park purposes was determined by the commissioners' court, and the levy of a special tax to pay for such acquisition was authorized by a two-thirds majority of the property taxpaying voters of the county at an election held in accordance with the provisions of article 6078, above quoted, and the condemnation proceedings were conducted in strict compliance with the statute regulating such proceedings.

The only question presented for our determination is whether the statute before set out confers upon the appellee county the right to condemn land for public park purposes.

We think this question should be answered affirmatively:

The contention of appellants is that article 3264a only gives the right of eminent domain for the purpose of condemning land for public use when the land sought to be condemned is necessary for the public uses specified in the article, or for such other public uses as the Constitution and statutes may thereafter specifically authorize condemnation.

This seems to us to be a strained and unreasonable construction of the statute. The general rules for the construction of all written instruments apply to the construction of legislative acts. One of these primary rules requires that language used in expressing the intention of the writer must be given its plain and ordinary meaning as generally understood. Another of these rules is that the instrument as a whole must, if possible, be construed so as to give a purpose and effect to all its provisions.

Applying these rules to article 3264a, we cannot agree with appellants that the clause in this statute "or for other public purposes, where such purpose is now or may hereafter be authorized by the Constitution or Statutes of this State," should be construed as only giving the right of eminent domain and condemnation of land for public purposes when such right is thereafter given by the Constitution and statutes of the state. The words "such purpose" in the latter part of the clause can only mean a public purpose.

If the purpose for which the land is sought to be condemned has been declared a public purpose by a statute, then article 3264a expressly gives the county the right to acquire by condemnation the land necessary for such purpose.

If this clause be given the interpretation contended for by appellants, it becomes wholly ineffectual and purposeless, since no subsequent Legislature required the sanction of this act to authorize it to confer the right upon counties to condemn land for any public purposes.

The cases of State v. Mayor of City of Newark, 54 N. J. Law, 62, 23 A. 129, and Hanson Lumber Co. v. United States, 261 U. S. 581. 43 S. Ct. 442, 67 L. Ed. 809, while not deciding the exact question, declare the general principle upon which our conclusion is based. See also Lewis on Eminent Domain (3d Ed.) §§ 251 and 369.

It follows from these conclusions that the judgment should be affirmed, and it has been so ordered.

Affirmed.