The STATE of Texas et al., Appellants,

v.

TEXAS ELECTRIC SERVICE COMPANY, Appellee.

No. 17344.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 1, 1972.

Crawford C. Martin, Atty. Gen. of Texas, and W. O. Shultz II, Asst. Atty. Gen., Austin, for appellants.

Cantey, Hanger, Gooch, Cravens & Munn and Sloan B. Blair, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from a summary judgment.

During the months of January, February and December of 1966, the appellee remitted to the State Treasurer the sum of $100,815.15 which included $1,323.24 in unclaimed preferred stock dividends, $9,840.12 owing on uncashed checks and $90,711.99 in utility security deposits unclaimed by the owners thereof. The said sums were paid to the State Treasurer by the appellee pursuant to the provisions of Art. 3272a, Vol. 9A, Vernon's Ann.C.S., commonly referred to as the Escheat statute. In January, 1968, the appellee filed with the State Treasurer a claim for the $100,815.15 asserting that the amount in question had been "erroneously paid over to the State of Texas" by appellee. The claim was not acted upon by the State Treasurer and this cause of action was then initiated by the appellee in June of 1968, to compel the State Treasurer to refund the $100,815.15.

In paragraph 4 of its petition the appellee asserts that the above described sums of money were erroneously paid over to the State of Texas by the plaintiff under the provisions of Article 3272a, because:

"(1) Un-claimed preferred stock dividends owing to out-of-state residents are and were not escheatable by the State of Texas, but rather by the state of last known residence of the stockholder.

"(2) Un-claimed company checks sent to creditors are not escheatable because the creditors claims are and were barred by the Statute of Limitations prior to the date of escheat.

"(3) Un-claimed customer deposits are and were not escheatable because the customers claims are and were barred by the Statute of Limitations prior to the date of escheat. . . ."

The appellants filed their answer. Both parties moved for summary judgment. The trial court granted the appellee's motion and denied appellants' motion.

The appellants in appealing from the summary judgment contend that the court erred in granting the appellee's motion for summary judgment and denying the appellants' motion for summary judgment because:

"A. The defense of limitations was waived by the appellee.

"B. The funds in question were remitted to the State Treasurer under a mistake of law and may not be recovered.

"C. Statutes of limitation are defensive only and do not confer any substantive right upon those entitled to their benefit.

"D. Appellee failed to establish that the unclaimed preferred stock dividends were subject to escheat under the laws of the state of last known address of the owner."

We reverse and render.

The funds in question were remitted to the State Treasurer of Texas as abandoned property subject to escheat under the provisions of Article 3272a, supra.

That statute requires all holders of personal property subject to escheat to report such property to the State Treasurer of Texas and after a specified period of time to remit such property to the State Treasurer. The term "subject to escheat" as defined in Section 1(c) of Article 3272a "shall include personal property presumed to be subject to escheat by the prima facie conclusions contained in Article 3272, including all personal property (1) of which the existence and whereabouts of the owner are unknown and have been unknown to the holder for more than seven (7) years and (2) on which, from the knowledge and records of the holder it appears that no claim or act of ownership has been asserted or exercised during the past seven (7) years and (3) on which no will of the last known owner has been recorded or probated in the county where the property is situated within the past seven (7) years."

Section 1(b) defines "personal property" as including, among other things, "money", "claims for money or indebtedness", "deposits", "security deposits", "unclaimed refunds and deposits for utility or other services".

Pursuant to the provisions of Article 3272a, V.A.C.S., the appellee made annual reports of property subject to escheat in 1962, 1963, 1964, 1965, and 1966. These annual reports listed certain sums in cash as belonging to various persons listed in the reports. The reported items that were unclaimed by their owners were the amounts above designated which were remitted to the State Treasurer during the months of January, February, and December of 1966.

It is clear from the record that the appellee made no contention either at the time of reporting or at the time of remitting the property in question to the State Treasurer that the claims of any of the owners listed in the reports were barred by limitations or that the laws of any other state made provisions for the escheat of any of the stock dividends reported.

█ The bar of the statutes of limitation is an affirmative defense which must be specifically asserted in response to a demand for payment, otherwise the defense is waived. 37 Tex.Jur.2d 379, 380, § 193, and cases there cited. Such defense was never asserted by the appellee at any time prior to the time it remitted the funds in question to the State Treasurer, although at the time of such remittance it had full knowledge of all facts which would have established such defense. By its failure in this regard the defense of limitation was waived.

█ While conceding that the statutes of limitation are defensive only and do not confer any substantive rights upon those entitled to their benefit, the appellee maintains that the trial court was correct in rendering judgment for it because it was the owner of the money remitted to the State and that under the provisions of Art. 3272a, supra, was entitled to the refund of such money because the claims of appellee's creditors which escheated to the State were barred by limitation.

In support of its position the appellee cites Southern Pacific Transport Company v. State, 380 S.W.2d 123 (Houston, Tex. Civ.App., 1964, ref.). In that case Southern

Pacific asserted the defense of limitation to an action by the State to escheat the property. The funds had not been paid to the State but were still in possession of Southern Pacific. The Court there held that the State of Texas has no greater right to enforce payment of claims through an escheat proceeding under Article 3272a than was possessed by the owner of the claim. For holdings to the same effect see: State v. Williamson-Dickie Manufacturing Co., 399 S.W.2d 568 (Fort Worth, Tex.Civ. App., 1966, error ref., n. r. e.); State v. El Paso Electric Co., 402 S.W.2d 807 (El Paso, Tex.Civ.App., 1966, error ref., n. r. e.); Central Power and Light Company v. State, 410 S.W.2d 18 (Corpus Christi, Tex.Civ.App., 1966, error ref., n. r. e.); and Shell Oil Company v. State, 442 S.W. 2d 457 (Houston, Tex.Civ.App., 14th Dist., 1969, error ref., n. r. e.).

The cases above cited have sustained the defense of limitations to actions to escheat unclaimed wages, unclaimed checks, unclaimed customer service deposits, and unclaimed oil royalties. The Central Power and Light Company case further held that although a limitation plea was not good as to unclaimed dividends, the State is not entitled to escheat those dividends held for persons with last known addresses in states which have laws providing for the escheat of such dividends. The above authorities relied upon by the appellee have no application to the facts of the case at bar.

█ The appellee did not interpose the defense of limitations in paying the funds to the State. It makes no allegation that it made any mistake as to any fact pertaining to its payment of such funds to the State. In each stated instance the reason given for appellee's payment is a proposition of law laid down by the Texas courts in instances where the State had sought to enforce the escheat of property under Article 3272a. Having made payment of the funds in question with full knowledge of the facts, appellee cannot demand refund.

Money paid under a mistake of law cannot be recovered. Taylor v. Hall, 71 Tex. 213, 9 S.W. 141 (1888); Pennell v. United Ins. Co., 150 Tex. 541, 243 S.W.2d 572 (1951); Galveston County v. Gorham, 49 Tex. 279 (1878); State v. Perlstein, 79 S.W.2d 143 (Austin, Tex.Civ.App., 1934, error dism.); State v. Texas Standard Life Insurance Company, 351 S.W.2d 260 (Eastland, Tex. Civ.App., 1961, no writ hist.). Fraud or duress furnish the only basis for recovery in such circumstances. There are no allegations or proof of fraud or duress in this case.

As above stated the appellee, while conceding that the statutes of limitations are defensive only and do not confer any substantive right upon those entitled to their benefit, still contends that there could be no waiver of such defense on its part by paying the money to the State because Section 6(a) of Art. 3272a expressly provides for a refund where such payment has been made. We disagree with this position.

█ It appears clear from the language of Section 6(a) of the statute that the property interest which is presumed abandoned and escheats to the State under Art. 3272a is the interest of the absent owner for whom the property was held by the original obligor, the appellee here. The State stands in the shoes of the absent owner and takes only that to which he (the absent owner) was entitled. It necessarily follows that Section 6(a) was only intended to provide a means for the absent owner to reclaim his property interest after it has been escheated by the State; that interest is all that the State takes under Art. 3272a.

The statement that the only interest which may be claimed under Section 6(a) of Art. 3272a is the property interest of the absent owner is further clarified by Section 4(c) of the same Article which reads as follows: "Upon the payment or delivery of abandoned property to the State Treasurer, the State shall assume custody and shall be responsible for the safekeeping thereof.

Any person who pays or delivers abandoned property to the State Treasurer under this Article is relieved of all liability to the extent of the value of the property so paid or delivered for any claim which then exists or which thereafter may arise or be made in respect to the property."

In reading Section 4(c) with Section 6(a) it is evident that the Legislature intended that, except in cases where funds are escheated from insurance companies, the absent owner of property presumed abandoned and escheated under Art. 3272a must look solely to the State for return of his property interest. The Legislature did not intend that Section 6(a) serve as a means for the previous holder of the absent owner's property, appellee in this case, who has been relieved of all responsibility therefor by Section 4(c), to restore the property to its previous status in the holder's hands. Statutes are to be construed as a whole so as to give effect to the intent and purpose of the Legislature and achieve the end to be attained. Statutes are not to be given a construction which leads to absurdity or conflict. Magnolia Petroleum Co. v. Walker, 125 Tex. 430, 83 S.W.2d 929 (1935); Malloy v. Galveston County, 42 S.W.2d 163 (Galveston, Tex. Civ.App., 1931, error ref.); Stolte v. Karren, 191 S.W. 600 (San Antonio, Tex.Civ. App., 1916, error ref.). The Emergency Clause of House Bill No. 5, Acts 57th Legislature, 1st Called Session 1961, page 49, Chapter 21, reflects that the purpose of Art. 3272a was to remove abandoned property from the possession of the current holder and put it in the hands of the State.

In Travis County v. Matthews, 235 S.W.2d 691 (Austin, Tex.Civ.App., 1950, error ref., n. r. e.) an action was brought by the county to recover salary that had previously been paid to the county judge. One ground of recovery alleged by the county was that limitations had barred any action for payment of the salary at the time it had been paid to the county judge. In rejecting this theory as a basis for recovery, the court said at 235 S.W.2d 697: "In the present suit the county is plaintiff and its affirmative plea of the two-year statute of limitations, except as stated above, is of no substance because as to personal actions 'Statutes of limitations do not confer any right of action, but are enacted to restrict the period within which the right, otherwise unlimited, might be asserted.' . . . Any other rule would permit a person who paid a just debt which was barred by limitation to sue for its recovery." See also Griffin v. Burrus, 24 S.W.2d 805 (Amarillo, Tex. Civ.App., 1928, affirmed 24 S.W.2d 810, Tex.Com.App., 1930). In Griffin the court said: "Limitation must be pleaded if it is relied on as a defense, and appellant, having failed to appear and plead limitation as a defense to appellee's cause of action before judgment by default was taken, cannot avail himself of the plea of limitation to have such judgment vacated."

Appellee's theory of recovery of the preferred stock dividends in question is not predicated upon the assertion that the claim for their payment was barred by limitations. It is based upon a defense which was not asserted by it prior to payment of such dividends to the State Treasurer. The defense is founded on the holding in Texas v. New Jersey, 379 U.S. 674, 85 S.Ct. 626, 13 L.Ed.2d 596 (1964), where the question was which of several states had the paramount right to escheat certain intangible obligations owed by Sun Oil Company to various creditors.

According to the language of the court in Texas v. New Jersey, if the appellee desired to defeat the right of the State of Texas to escheat the dividends in question, it was incumbent upon appellee to produce proof that the laws of the states of last known address of the shareholders provided for the escheat of those dividends. The State of Texas is the corporate domicile of the appellee and is entitled to escheat and hold dividends owing to persons with addresses in other states unless at the time escheat is sought it is shown that the laws of the states of last known address actually provide for the escheat of such dividends.

Under the rule laid down in Texas v. New Jersey the state of appellee's corporate domicile, Texas, is entitled to escheat the dividends in question and hold them until such time as it may be shown that the state of last known address has a law providing for their escheat. At that time they would go to that state, not to the appellee. Texas v. New Jersey requires the state of last known address to make claim against the state of corporate domicile for the dividends in question. Appellee has no liability to those states. Section 4(c) of Art. 3272a specifically relieves appellee of all liability once the dividends are paid to the State Treasurer.

The points of error relied upon by the appellant are sustained.

The appellee, Texas Electric Service Company, by a single cross-point says that, "If the Court should hold that appellee's ownership of the monies remitted was not established as a matter of law, then there is a fact issue with respect thereto and the case should be remanded for trial."

The cross-point is overruled.

In Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396, 400 (1958) it was held that, "If the only order in the trial court is one overruling a motion for summary judgment, then that order is interlocutory and no appeal will lie therefrom. But when, as in this case, both parties file motions for summary judgment and one such motion is granted, then the trial court's judgment becomes final and appealable, and on appeal the Court of Civil Appeals should determine all questions presented. If reversible error is found, the court should render such judgment as the trial court should have rendered, Rule 434, . . . ."

In our opinion the summary judgment record establishes a right to judgment on behalf of the appellant as a matter of law.

Accordingly the judgment of the trial court is reversed and, in line with the Tobin case, judgment is here rendered for and on behalf of the appellant, The State of Texas.