## Office of the Attorney General
### State of Texas



**DAN MORALES**
ATTORNEY GENERAL

September 28, 1993

Susan A. Spataro, CPA, CMA
Travis County Auditor
P.O. Box 1748
Austin, Texas 78767

Opinion No. DM-258

Re:   Whether unclaimed overpayments on property taxes escheat to the state or do they belong to Travis County after three years   (RQ-602)

Dear Ms. Spataro:

Travis County collects property taxes for itself as well as several other taxing units pursuant to the Tax Code section 31.01. In the event of overpayment or erroneous payment of taxes, unclaimed funds are deposited in a separate escrow account. You express concern that over a significant period of time, the amount of funds in the account has accumulated. Refunds consisting of overpayments or erroneous payments are addressed by section 31.11 of the code which provides as follows:

> (a)  If a taxpayer applies to the tax collector of a taxing unit for a refund of an overpayment or erroneous payment of taxes and the auditor for the unit determines that the payment was erroneous or excessive, the tax collector shall refund the amount of the excessive or erroneous payment from available current tax collections or from funds appropriated by the unit for making refunds. However, if the amount of the refund exceeds $500, the collector may not make the refund unless the governing body of the taxing unit also determines that the payment was erroneous or excessive and approves the refund.
>
> . . . .
>
> (c)  *An application for a refund must be made within three years after the date of the payment or the taxpayer waives the right to the refund.*

Acts 1993, 73d Leg., ch. 198, § 1 (emphasis added). Your inquiry is concerned with the disposition of the funds once the three year time period for reclamation has lapsed. You specifically ask whether the unclaimed overpayments belong to Travis County and if so, whether they may be legally transferred into the county's general fund.

Our research indicates that the Tax Code does not address the disposition of the funds following the reclamation period, nor do any prior judicial or attorney general

opinions. However, chapters 71 through 75 of the Property Code, also known as the Texas Unclaimed Property Law, address the escheat of personal property held by a person other than a banking organization or life insurance company. Chapter 71 addresses escheat in the context of an individual that dies intestate and without heirs. In such an instance the real and personal property previously held would escheat to and vest in the state. Prop. Code § 71.001.

Chapters 72 and 74 address abandoned unclaimed property and the procedures necessary for escheat to the state. Chapter 72 specifically applies to personal property held by a person other than a banking organization or life insurance company;[1] and provides in pertinent part

> personal property is presumed abandoned if, for longer than three years:
>
> (1) the existence and location of the owner of the property is unknown to the holder of the property;[2] and
>
> (2) according to the knowledge and records of the holder of the property, a claim to the property has not been asserted or an act of ownership of the property has not been exercised.

*Id.* § 72.101(a) (footnote added). While the state does possess a property interest in abandoned funds, that interest is only as great as the interest held by the original owner of the funds. *State v. Texas Elec. Service Co.*, 488 S.W.2d 878, 881 (Tex. Civ. App.--Fort Worth 1972, no writ). As section 72.101 provides, the original owner waives all rights to the property once the three year time period has lapsed. Once the owner's rights to the property cease to exist, the state is left without an interest to claim. *Central Power & Light Co. v. State*, 410 S.W.2d 18, 26 (Tex. Civ. App.--Corpus Christi 1966, writ ref'd n.r.e.). Similarly, the original owner of an overpayment of property taxes waives his right to claim an interest in the funds once the three year reclamation period has lapsed. Hence, the state also loses any right to assert a claim to the funds at the end of the three year period. In the absence of an interest which may be asserted by the original owner of the funds or the state, such funds may be retained by the county.

For a substantial amount of time, counties levying such a tax have exercised their discretion in retaining unclaimed overpayments. Our research indicates that such exercise

---

[1]Chapter 73 addresses the escheat of inactive accounts held by banking organizations. *Id.* §§ 73.001 - 73.503.

[2]For purposes of chapter 72, a holder is defined as a person who is in possession of property that belongs to another, a trustee or is indebted to another on an obligation. *Id.* § 72.001(e). We conclude that Travis County meets the requirements of a holder prior to the expiration of the three year reclamation period.

of discretion has been unchallenged. Thus, it is our understanding that it has been standard practice for counties to retain unclaimed overpayments collected at a local level. In the absence of authority to the contrary, we conclude that local counties may exercise their discretion in retaining possession of unclaimed overpayments on property taxes; furthermore, such funds may be transferred into the counties' general fund accounts pursuant to article VIII, section 9 of the Texas Constitution.[3]

## S U M M A R Y

In the absence of authority to the contrary, unclaimed overpayments on property taxes belong to the county once the three year period of reclamation has lapsed under section 31.11 of the Tax Code. The funds may be transferred into the county's general fund account pursuant to article VIII, section 9 of the Texas Constitution.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Toya C. Cook
Assistant Attorney General

---

[3]Article VIII, section 9 of the Texas Constitution states that "[a]ny county may put all tax money collected by the county into one general fund, without regard to the purpose or source of each tax." We note that this provision only pertains to collections of county tax, not collections for other political subdivisions.