**Richard EASON d/b/a UCM, Appellant,**

v.

**Joe R. CALVERT and Kathrine Tyra, District Clerk, Appellees.**

No. 01–94–01074–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 15, 1995.

Rehearing Overruled July 20, 1995.

Joseph A. McDermott, III, Houston, for appellant.

Mike Driscoll, Lana S. Shadwick, Houston, for appellees.

Before ANDELL, HUTSON–DUNN and HEDGES, JJ.

## OPINION

ANDELL, Justice.

This dispute involves the appropriate disposition of funds abandoned in the registry of the court.

Appellant, George Eason d/b/a UCM, contracted with appellee, Joe R. Calvert, to inform him of the location of and to facilitate the recovery of $1000 Calvert posted with the district clerk in a lawsuit closed in 1988. When appellant moved for disbursement of the funds, Calvert complained that the contract fee exceeded the statutory maximum, and the District Clerk intervened. The trial court agreed and awarded the funds 90 percent to Calvert and 10 percent to appellant.

■ In his sole point of error, appellant contends that the trial court erred in refusing to uphold the contract and order the funds distributed according to its terms: 60 percent to Calvert and 40 percent to appellant.

■ A contract the terms of which violate the constitution, statutes or regulations promulgated thereunder is illegal and unenforceable. *First Texas Sav. Ass'n v. Dicker Ctr.*, 631 S.W.2d 179, 186 (Tex.App.—Tyler 1982, no writ). In reaching its decision regarding the appropriate disposition of the funds, the trial court found appellant's contract violated a provision of the Property Code setting a maximum fee for recovering mislaid property:

> A person who informs a potential claimant that the claimant may be entitled to claim property that is reportable to the State Treasurer under this chapter, that has been reported to the State Treasurer, or that is in the possession of the State Treasurer, may not contract for or receive from the claimant for services an amount that exceeds 10 percent of the value of the property received.

TEX.PROP.CODE ANN. § 74.507 (Vernon 1994). Appellant contends that this provision does not apply to the funds he seeks to recover. He argues that the funds are neither reported nor reportable to the State Treasurer. To analyze appellant's claim it is necessary to examine the statutory provisions governing reporting and escheat of unclaimed property.

The Property Code declares that personal property is presumed abandoned if, for longer than three years:

> (1) the existence and location of the owner of the property is unknown to the holder of the property; and
>
> (2) according to the knowledge and the records of the holder of the property, a claim to the property has not been asserted or an act of ownership of the property has not been exercised.

TEX.PROP.CODE ANN. § 72.101 (Vernon 1994).

Funds paid into the registry of the court are further governed by the Local Government Code. TEX.LOCAL GOV'T CODE ANN. § 117.112 (Vernon Supp.1995).

Any funds deposited under this chapter that are presumed abandoned under Chapter 72, 73, or 75 of the Property Code shall be reported and delivered by the county or district clerk to the state treasurer without further action by any court. The dormancy period for the funds deposited under this chapter begins on the later of:

(1) the date of entry of final judgment or order of dismissal in the action in which the funds were deposited;

(2) the 18th birthday of the minor for whom the funds were deposited; or

(3) a reasonable date established by rule by the state treasurer to promote the public interest in disposing of unclaimed funds.

TEX.LOCAL GOV'T CODE ANN. § 117.002 (Vernon Supp.1995). Appellant argues that because the state treasurer has not adopted a rule pursuant to subsection (3), the dormancy period cannot have begun. We disagree. Under appellant's theory, no dormancy period would ever begin under subsections (1) or (2) as long as it remained possible that the state treasurer could set a different time pursuant to subsection (3). Contrary to appellant's assertions, the dormancy period for the funds here began on April 4, 1988, the date of final judgment in the underlying suit.

Under the provisions of the Property Code and the Local Government Code, the funds were presumed abandoned and became reportable to the State Treasurer on April 4, 1991. Therefore, the funds appellant contracted to recover are covered by section 74.507 of the Property Code and he is limited by the statute to a fee of 10 percent. Appellant's contract for a fee of 40 percent violates section 74.507 and is unenforceable.

We overrule appellant's sole point of error and affirm.