The STATE of Texas and Texas State Treasury, Appellants,

v.

Glyn SNELL, et al., Appellees.

Nos. 08–96–00065–CV, 08–95–00379–CV.

Court of Appeals of Texas, El Paso.

April 17, 1997.

---

Edith Stuart Phillips, Attorney General's Office, Dan Morales, Attorney General, Austin, for Appellants.

Don Graf, McClesky, Harriger, Brazill & Graf, Lubbock, Vann Culp, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., James P. Boldrick, Boldrick, Clifton, Nelson & Holland, William M. Kerr, Jr., Kerr, Fitz-Gerald & Kerr, Midland, Christopher C. Pappas, Dunn, Kacal Adams, Pappas & Law, Ronald D. Secrest, Beck, Redden & Secrest, Houston, for Appellees.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a finding by the trial court that a proposed allocation plan in a class action did not violate the Unclaimed Property Provision, as found in the Texas Property Code. We reverse the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

Appellants appeal the decision of the trial court by ordinary appeal in 08–95–00379–CV, and by way of writ of error in 08–96–00065–CV. We have consolidated both appeals.

In November 1995, Appellants appealed to this Court from an order dated August 29, 1995, entitled "Order Approving Final Plan of Allocation, Authorizing Disbursement of the Final Balance of the Settlement Fund to the Class, and Order Authorizing Disbursement of Fees to Class Counsel and to the escrow agent" (the final order). The final order, among other things, approved and ordered compliance with a final plan of allocation (the plan) at the conclusion of a class action suit involving the Appellees and in

which Appellants intervened. The plan, in the last sentence of paragraph 5.2.3, provided that settlement distribution checks or amount which might be unclaimed by Appellees/plaintiff class members and which would "otherwise escheat to the State of Texas"[1] would instead be paid to the charity designated by the trial judge (the Unclaimed Property Provision)

Appellants intervened in the suit for the sole purpose of objecting to the Unclaimed Property Provision because the provision was unlawful in light of Texas Property Code Provisions governing unclaimed property. On July 20 and 25, 1995, the trial court conducted a hearing in which Appellants did not participate. The notice reflected the deadline for objecting to the proposed plan and also gave notice of a hearing on objections to "fairness and reasonableness" of proposed plan of allocation[2] and stated that "[a]ttendance at the Allocation Hearing is not necessary for your objection to be considered." Appellants' counsel did not attend the July 20 hearing; based on the above notice, counsel for Appellants understood that the court would address the fairness and reasonableness (as opposed to the lawfulness or validity) of the plan. In addition, Appellants' counsel was given no actual notice that its objection would be taken up at that hearing.

Appellants first learned of the July 25 ruling overruling their objection on September 1, 1995 when Appellants received a copy of the final order forwarded by the district clerk. The August 29, 1995 final order, in pertinent parts, approved the plan which the final order reflects was filed on August 29, 1995, which referred to the July 25, 1995 rulings on objections to the plan, made find-

ings regarding the class members' status and eligibility to receive distributions from the escrow agent and directed the escrow agent to distribute monies, and finally, authorized the escrow agent to make distributions and pay Appellees' class counsel if no motion for new trial or notice of appeal had been filed within 45 days of the order dated July 25, 1995.

On September 8, 1995, Appellants timely filed a Rule 320 Motion for Partial New Trial, or alternatively, Rule 329b Motion to Modify Judgment (the Motions) in response to the final order, asking the trial court to reconsider its denial of Appellants' objections and to modify the Unclaimed Property Provision to comply with applicable Texas unclaimed property statutes.

By order dated September 21, 1995, the trial court overruled Appellants' motions, finding that no hearing was needed. Appellants timely filed their notice of appeal, appealing the trial court's August 29, 1995 order.

After being advised by letter by Appellees' counsel that Appellees believed that the July 25, 1995 order was the appealable order, Appellants also filed a Petition for Writ of Error on January 2, 1996, complaining of the trial court's July 25, 1995 ruling overruling their objection. In both the appeal and the writ of error, Appellants seek to bring the Unclaimed Property Provisions into conformity with Texas law. On March 14, 1996, this Court consolidated the appeal and writ of error proceedings for briefing and argument purposes only.

Appellants objected to the plan solely because the Unclaimed Property Provision vio-

---

**1.** Although the plan approved by the trial court used the term "escheat" in the last sentence of paragraph 5.2.3, the sentence addresses Appellee/plaintiff's failure to claim property "within the period of time that such amount would otherwise escheat to the State of Texas." As such, this sentence refers not to "escheat" (where the State becomes the owner of property left by a decedent which a court determines has no heirs), but rather to the unclaimed property provisions in the Texas Property Code (which provide that the State acts on behalf of true owners as the custodian of their property which has been dormant or deemed abandoned). The objected-to provi-

sion is therefore referred to in this brief as the "Unclaimed Property Provision".

**2.** The pertinent provision in the described notice states as follows: *"NOTICE OF HEARING.* You are notified, pursuant to order of the Court in the Class Action, that a hearing (the 'Allocation Hearing') will be held on Thursday, *July 20, 1995 at 9:00 a.m.* in the 238th District Court in the Midland County Courthouse, Midland, Texas, for the purpose of determining the fairness and the reasonableness of the Plan of Allocation." [Emphasis in original].

lated Texas Property Code provisions which already mandated a specific disposition of unclaimed and abandoned property. The objection stated the Unclaimed Property Provision generally contravened Texas unclaimed property law and also violated the Texas Property Code § 74.309, which prohibits private parties from contracting in an attempt to defeat the statutory unclaimed property provisions.

Appellants now bring this appeal and writ of error asking this Court to strike the offending language from the final plan of allocation.

## II. DISCUSSION

We start with a determination as to whether the instant case is before us by way of writ of error or by ordinary appeal. The Appellees suggest the order of July 25 is the final order and therefore the notice of appeal filed by Appellants on November 22, 1995 was untimely. Appellants believe the order of August 29 is the final order and therefore claim their notice of appeal was timely. Appellants, in order to assure an appeal from the trial court's decision, filed a petition for writ of error on January 24, 1996 in the event this Court decides the order of July 25 is the final order.

### A. Writ of Error or Ordinary Appeal

■ As a general rule, there can be only one final judgment in a case. TEX.R. CIV. P. 301; *Harris v. Moore*, 740 S.W.2d 14, 15 (Tex.App.—El Paso 1987, orig. proceeding). A final judgment is one that disposes of all claims, issues, and parties. *See Runnymede Corp. v. Metroplex Plaza, Inc.*, 543 S.W.2d 4, 4–5 (Tex.Civ.App.—Dallas 1976, writ ref'd).

■ After reviewing both orders, this Court finds the order of August 29 to be the "final" order which disposes of all claims, issues, and parties.

The order of July 25, entitled "ORDER APPROVING **PROPOSED** PLAN OF ALLOCATING THE BALANCE OF THE SETTLEMENT FUND TO THE CLASS . . .", [emphasis added] appears to dispose of some, but not all of the issues before the trial court. Paragraph 2 of the order refers to the court certifying a certain sum to be used by the escrow agent in disbursing the Escrow Fund to the Class under the **Final** Plan of Allocation. The August 29 order is entitled "ORDER APPROVING **FINAL** PLAN OF ALLOCATION, AUTHORIZING DISBURSEMENT OF THE **FINAL** BALANCE OF THE SETTLEMENT FUND TO THE CLASS, AND ORDER AUTHORIZING DISBURSEMENT OF FEES TO CLASS COUNSEL AND THE ESCROW AGENT." [Emphasis added]. Paragraph 3 of the order of July 25 states that class counsel shall submit to the court for approval a final plan of allocating the final balance of the settlement fund to the class. The order of August 29, paragraph 1, approves the final plan of allocating the final balance of the settlement fund to the class and states that it is filed with the clerk of the trial court on August 29, 1995 and is approved. Paragraph 4 of the order of July 25 directs the escrow agent to withhold 30 percent of any monies paid to current owners who are nonresident aliens under the **Final** Plan of Allocation. Similar language referring to the final plan is contained in paragraphs 5 and 6 of the July 25 plan. Again, the August 29 order approves the final plan of allocation.

The order of August 29 states in the opening paragraph that on July 25, 1995, the trial court entered an order which, **in part**, approved the plan submitted by class counsel, and in accordance with that order (the July 25 order) class counsel has presented to the trial court the **Final Plan** of allocating the final balance of the settlement fund to the class. While the order of July 25 contains most of the rulings pertaining to the distribution of settlement proceeds in connection with the plan, the order of August 29(i) refers to a "final plan" which was not filed until August 29, 1995, (ii) makes numerous findings regarding the timeliness of W–9 filings and the resulting effect on plan distributions, and (iii) specifically authorizes and directs the escrow agent to make certain distributions. The order of July 25 is not final because there cannot be any execution of the order (as evidenced by the findings and directives in the order of August 29) without the need for ascertaining additional facts;

mainly, the final distribution of the settlement fund.

Given the above, we conclude that the order of August 29 is the "final" order which disposes of all issues, claims, and parties. Accordingly, we find the Appellants can proceed under a regular appeal, rather than by way of writ of error.

### B. Appellants' Points of Error

In Point of Error No. One, Appellants contend that the trial court erred as a matter of law in overruling their objections to the unclaimed property provision in the proposed plan of allocation. In Point of Error No. Two, Appellants claim that the trial court erred in failing to rule on all the grounds of Appellants' objections to the proposed plan. In their third point of error, Appellants assert the trial court erred in overruling their motion for partial new trial and Rule 329b motion to modify judgment. We agree in each instance.

■ The disposition of unclaimed property in the State of Texas is not left to the whim of the private citizens or the courts, and rightfully so. The Texas Legislature has imposed a specific and detailed procedure for identifying, reporting, and tendering, and has further provided for governmental custody and distribution of unclaimed property. That procedure, codified in the Texas Property Code in Chapters 72 through 75, governs the disposition of certain distributions contemplated in the plan to be made to the Appellee/plaintiff class and which may be deemed abandoned at some future date.

The Property Code prescribes a mandatory procedure whereby persons or entities holding property rightfully belonging to another, but which has been deemed abandoned property (due ordinarily to some form of inactivity on the part of the rightful owner), must turn that abandoned property over to the State of Texas for safekeeping. TEX. PROP.CODE ANN. § 74.301–74.304 (Vernon 1995). As required by statute, Appellants have a duty to publish notice designed to apprise rightful owners that Appellants are holding abandoned property on behalf of the rightful owners. TEX.PROP.CODE ANN.

§ 74.201–204 (Vernon 1995). Persons holding unclaimed property which has been deemed abandoned also have duties; they must report and deliver to Appellants all unclaimed property in their possession on an annual basis. TEX. PROP.CODE ANN. §§ 74.101, 74.301 (Vernon 1995). In order to enforce chapters 72 through 74 of the Property Code, the legislators have made available civil and criminal penalties in the event a person fails to pay or deliver property to the State of Texas within the time prescribed by the Property Code. TEX. PROP.CODE ANN. § 74.705 (Vernon 1995). Once the money is delivered to the State, the rightful owners may claim their property without the fear of any statute of limitations barring their claim. TEX. PROP.CODE ANN. § 74.501–509 (Vernon 1995).

In the instant case, the record demonstrates that the trial court ordered that unclaimed property owed to Appellees would not be reported or turned over to the State of Texas, but rather, would be paid to an escrow agent who would then transfer the funds to a charity of the "trial court's choice." As such, the trial court's approval of the Unclaimed Property Provision violates the express terms of the Texas Property Code.

While Appellees correctly note that Section 74.309 of the Texas Property Code does not contain the word "Court", the section does state that an **individual** cannot by **any means** take or divert funds for the purpose of circumventing the unclaimed property process. TEX. PROP.CODE ANN. § 74.309 (Vernon 1996). What the order of the trial court proposes to do is circumvent the statute by ordering an individual, the escrow agent, to transfer the funds upon the decision by the trial court of his or her appropriate charity. As noted above, the order violates the express terms of the statute.

■ Appellants filed a timely objection properly bringing to the trial court's attention the fact that the Unclaimed Property Provision "purports to change the statutory scheme enacted by the Legislature to protect the rights of rightful owners and to circumvent the unclaimed property process set forth in Texas Property Code Chapters 72, 73, 74." Because the proposed plan of alloca-

tion was drafted by individuals, Appellants also objected to the Unclaimed Property Provision on the basis of Section 74.309 of the Texas Property Code, which prohibits individuals drafting agreements designed to circumvent the unclaimed property process. The judiciary of the State of Texas, as the third but nonetheless equal branch of government, is charged with the duty to interpret and apply the law as declared by the Legislature, and to give effect to its stated purpose or plan. *See Exxon Corp. v. Brecheen*, 526 S.W.2d 519 (Tex.1975), *citing Railroad Comm'n of Texas v. Miller*, 434 S.W.2d 670 (Tex.1968) and *State Board of Ins. v. Betts*, 158 Tex. 612, 315 S.W.2d 279 (1958). In this case, the trial court had no discretion or authority to order any unclaimed property to an escrow agent who would then transfer the funds to a yet unnamed charity.

The purpose and effect of the pertinent provisions of the Texas Property Code is to place Appellants in perpetual custody of unclaimed property for the protection of individuals like Appellees who fail to timely claim their property. In the instant case, the effect of the trial court's rulings would forever deprive the affected class of their property without due process of law. This result is one of the unsatisfactory consequences which the Texas Legislature sought to prevent when it enacted Chapters 72, 73, and 74 of the Property Code. Accordingly, we sustain Appellants' Points of Error Nos. One, Two, and Three and find that the last line of Section 5.2.3 of the final plan of allocation violates the express provisions of Texas Property Code, Chapters 72, 73, and 74.

Appellants' Point of Error No. Four maintains that the trial court erred in overruling their objections, motion for partial new trial, and motion to modify judgment. Having found that the final sentence of Section 5.2.3 of the final plan of allocation violates the Texas Property Code, we need not address this point of error.

Having sustained Appellants' Points of Error Nos. One, Two, and Three, and not having to address Point of Error No. Four, we reverse the judgment of the trial court as it pertains to the last sentence of Section 5.2.3

of the final plan of allocation. We remand the case to the trial court for proceedings in accordance with this opinion.