**The STATE of Texas, Appellant,**

v.

**Bill MELTON, Treasurer of Dallas County, in his Individual and Official Capacity; and Earl Bullock, Clerk of Dallas County, in his Individual and Official Capacity, Appellees.**

No. 03–97–00577–CV.

Court of Appeals of Texas, Austin.

May 21, 1998.

Rehearing Overruled July 2, 1998.

---

Dan Morales, Atty. Gen., Maureen Powers, Asst. Atty. Gen. Financial Litigation Division, Austin, for Appellant.

C. Rex Hall, Jr., Allison & Associates, Austin, for Appellees.

Before YEAKEL, C.J., and ABOUSSIE and JONES, JJ.

YEAKEL, Chief Justice.

The State of Texas, at the request of the state treasurer,[1] brought this action against the county treasurer and county clerk of Dallas County seeking to compel them to deliver to the State reports of certain unclaimed or abandoned property in their possession, as well as the property itself, specifically unclaimed cash bail bonds, in conformity with the Texas Property Code. *See generally* Tex. Prop.Code Ann. §§ 71.001–75.102 (West 1995 & Supp.1998). The State filed a motion for partial summary judgment and the Dallas County officials filed a motion for summary judgment. The trial court denied the State's motion and granted the Dallas County officials' motion, ruling that the unclaimed cash bail bonds at issue in this case are not abandoned or unclaimed property and thus not subject to the unclaimed property provisions of the Property Code. The trial court did, however, order *Dallas County*, a nonparty, "to file appropriate Unclaimed Property Reports as required by Chapter 74 of the Texas Property Code." The State appeals, asserting that cash bail bonds remaining unclaimed after three years from the entry of the final judgment in the underlying criminal prosecution are in fact unclaimed or abandoned property and are automatically subject to the reporting and delivery provisions of the Property Code without further order of the court.[2] The State also asserts that the trial court's judgment ordering unclaimed property reports to be filed by Dallas County, as opposed to the specific county officials sued, is error. We will reverse the judgment of the trial court and remand the cause for further proceedings.

## DISCUSSION

Chapter 74 of the Property Code generally provides for the reporting and delivery of unclaimed personal property to the State of Texas. *See id.* The purpose of this and related portions of the Property Code is to remove abandoned property from the possession of the current holder, relieve that holder of any further liability with regard to such property, put it in the hands of the State, and provide a means for the absent owner to reclaim the abandoned property. *See* Tex. Prop.Code Ann. § 74.304 (West Supp.1998); *State v. Texas Elec. Serv. Co.*, 488 S.W.2d 878, 881–82 (Tex.Civ.App.—Fort Worth 1972, no writ).

To this end, the Property Code requires a holder of property presumed to be abandoned under certain provisions of the Code to annually file a report with the comptroller. *See* Tex. Prop.Code Ann. §§ 74.001, .101, .301 (West 1995 & Supp.1998). The report is to include all property held on June 30 of the report year, provide a description of the property along with certain other information, and be delivered to the comptroller along with any described property no later than the following November 1. *Id.*

Generally, tangible and intangible property is subject to such reporting and delivery if it is presumed abandoned and the holder's records reflect that the last known address of the presumed owner or person entitled to the property is in Texas, unknown, or in a state that does not provide for escheat or custodial

---

1. The comptroller now administers the unclaimed property provisions of the Property Code. *See generally* Tex. Prop.Code Ann. §§ 74.001–.710 (West 1995 & Supp.1998).

2. In the proceedings before the trial court, the State also sought to recover uncashed checks from the treasurer of Dallas County. The trial court ruled that the uncashed checks at issue in this case are not unclaimed property and are not subject to the unclaimed property provisions of the Property Code. The State does not challenge this ruling on appeal.

taking of such property. *Id.* §§ 72.001, .101 (West 1995).

The property is presumed abandoned if the existence and location of the owner has been unknown to the holder for longer than three years and according to the holder's knowledge and records, neither a claim nor an act of ownership has been asserted over or exercised against the property. *Id.* § 72.101.[3]

The State brought this action on May 10, 1996. At that time, section 117.002 of the Local Government Code provided that any funds deposited in a court registry pursuant to chapter 117 of such code (and subject to the above-referenced provisions of the Property Code) "be reported and delivered by the county or district clerk to the comptroller without further action of any court." *See* Act of May 9, 1991, 72d Leg., R.S., ch. 153, § 26, 1991 Tex. Gen. Laws 744, 750 (Tex. Local Gov't Code Ann. § 117.002, since amended). In 1997, during the pendency of this action, but prior to the entry of final judgment, the legislature amended section 117.002 to state that any funds subject to chapter 117 *except cash bail bonds* are subject to this automatic reporting and delivery procedure. Tex. Local Gov't Code Ann. § 117.002 (West Supp. 1998). As we discuss below, the effect of this amendment and its relationship to the provisions of the Property Code and Code of Criminal Procedure germane to cash bail bonds govern the outcome of this dispute.

Both the original and amended versions of Local Government Code section 117.002 provide that the three-year dormancy period established by section 72.101 of the Property Code, as it pertains to funds deposited in a court registry, begins to run on the later of:

(1) the date of entry of final judgment or order of dismissal in the action in which the funds were deposited;

(2) the 18th birthday of the minor for whom the funds were deposited; or

(3) a reasonable date established by rule by the comptroller to promote the pub-

lic interest in disposing of unclaimed funds.

*Id.;* Act of May 9, 1991, 72d Leg., R.S., ch. 153, § 26, 1991 Tex. Gen. Laws 744, 750. The property in question here, cash bail bonds, are neither funds deposited on behalf of a minor nor subject to a date established by a comptroller rule. Thus, if cash bail bonds are property subject to the unclaimed or abandoned property provisions of the Property Code, the commencement of the dormancy period is controlled by subsection (1). *See* Tex. Local Gov't Code Ann. § 117.002(1).

The trial court specifically held that "The ... cash bail bonds at issue in this case are not abandoned or unclaimed property and are not subject to the Unclaimed Property Act." Insofar as this ruling implies cash bail bonds are never subject to the unclaimed property provisions of the Property Code, we disagree.

A bail bond is a written undertaking whereby a person charged with a crime agrees to appear before the appropriate authority to answer the allegations against him. Tex.Code Crim. Proc. Ann. art. 17.02 (West 1977). It is in a specific monetary amount and executed by the defendant as principal. *Id.* The bond must also be signed by sureties. *Id.* Alternatively, the defendant may deposit cash funds in the amount of the bond in lieu of having sureties. *Id.* When bond is posted in this latter form, it is known as a "cash bail bond." A defendant is entitled to the return of the funds comprising his cash bail bond when the defendant "complies with the conditions of his bond, and upon order of the court." *Id.*

■ Cash bail bonds, being funds deposited in the registry of a court, are personal property covered by the unclaimed property provisions of the Property Code. *Cf. Eason v. Calvert,* 902 S.W.2d 160 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (funds deposited in registry of court subject to unclaimed property statutes); *see also* Tex. Local Gov't Code Ann. § 117.002 (implying cash bail bonds may fall within the unclaimed property

---

**3.** Sections 72.101 and 72.102 of the Property Code provide certain exceptions to the above procedures that are not relevant to a determina-

tion of the issues presented in this case. *See id.* §§ 72.101, .102 (West 1995 & Supp.1998).

statutes). They are to be deposited "with the custodian of funds of the court in which the prosecution is pending" and "receipted for by the officer receiving the same." Tex. Code Crim. Proc. Ann. art. 17.02. The clerk of the court in which the funds are initially deposited becomes the custodian of the funds. Tex. Local Gov't Code Ann. §§ 117.0521 (general rule), .120 (special rule for counties with population greater than 2.4 million) (West Supp.1998). The clerk of the court in which the funds are deposited is also the person authorized to pay the money back to whomever is entitled to it. *Id.* §§ 117.053(b), .121(a) (West Supp.1998). Furthermore, the clerk is the person charged with reporting and delivering the unclaimed funds to the comptroller. *See id.* § 117.002. We hold that funds comprising cash bail bonds are subject to the unclaimed or abandoned property provisions of the Property Code and that the clerk of the court in which the funds are deposited is a "holder" of the funds as defined by the Property Code. *See* Tex. Prop.Code Ann. § 72.001(e). Accordingly, we agree with the State's argument insofar as it pertains to this issue.

We must now determine when such funds are deemed abandoned and the appropriate procedure a holder must follow to report and deliver them. With regard to such funds, we hold that the dormancy period begins to run on the date of the final judgment in the criminal prosecution pursuant to which the cash bail bond was deposited. On June 30, following three years from the date of such final judgment, the cash bail bond is deemed abandoned property subject to the reporting provisions of chapter 74 of the Property Code. *See* Tex. Prop.Code Ann. §§ 74.101-.104 (West 1995 & Supp.1998).

Before the 1997 amendment to section 117.002 of the Local Government Code, such funds were to be delivered with the required report by the succeeding November 1 without necessity of court order. The amendment, however, clearly exempts cash bail bonds from this seemingly ministerial procedure.

The reason for this amendment appears to be a perceived conflict between the requirement in article 17.02 of the Code of Criminal Procedure that the cash bail bond be refunded to the defendant *upon order of the court*, and section 117.002 of the Local Government Code, which originally did not require court action for abandoned funds to be delivered to the comptroller. *See* House Committee on County Affairs, 75th Leg., Bill Analysis for H.B. 2769, at 1 (April 2, 1997). Chapter 74 of the Property Code was not amended and it continues to mandate that abandoned property held on June 30 be reported and delivered to the comptroller by November 1.

■ We must determine how the applicable provisions of the three codes interact to discover the appropriate reporting and delivery procedure for unclaimed or abandoned cash bail bonds. In analyzing the statutes, we attempt to harmonize, if at all possible, seemingly contradictory provisions, to give effect to all the provisions. *See Segura v. Abbott Labs., Inc.,* 873 S.W.2d 399, 403 (Tex. App.—Austin 1994), *rev'd on other grounds,* 907 S.W.2d 503 (Tex.1995).

■ Our review of the code provisions at issue reveals that the legislature, in amending section 117.002 of the Local Government Code to specifically delete cash bail bonds from the first sentence of the section, intended to require further action by the court in which the underlying criminal prosecution was pending prior to the time such funds were to be delivered to the comptroller. In other words, cash bail bonds are no longer subject to *automatic* delivery by the county or district clerk. We harmonize the three codes and hold as follows:

(1) a cash bail bond deposited in compliance with article 17.02 of the Code of Criminal Procedure is presumed abandoned three years from the date of the final judgment in the underlying criminal prosecution, provided the cash bail bond meets the requirements of sections 72.001 and 72.101 of the Property Code;

(2) the holder of a cash bail bond presumed abandoned as noted above and held on June 30 following the expiration of the three-year dormancy period must report it to the comptroller in

accordance with chapter 74 of the Property Code;

(3) the funds comprising the cash bail bond need not be delivered to the comptroller with the report unless the court that entered the final judgment in the underlying criminal prosecution has so ordered; and

(4) the State, at any time following the expiration of the dormancy period, either before or after receipt of the report, may petition the court that entered the final judgment in the underlying criminal prosecution to order the funds delivered to the comptroller.

■ In so ruling, we acknowledge that the amendment to section 117.002 facially appears to say that cash bail bonds are also not subject to being *reported* to the comptroller without order of the court. Generally, we must construe statutes so as to give effect to the intent and purpose of the legislature by looking to the language of the statute. *See City of Sherman v. Public Util. Comm'n,* 643 S.W.2d 681, 684 (Tex.1983). "Where, however, the language of the statute is of doubtful meaning, or where an adherence to the strict letter would lead to injustice, absurdity, or to contradictory provisions, the duty devolves upon the court of ascertaining the true meaning." *Id.* (quoting *Magnolia Petroleum Co. v. Walker,* 125 Tex. 430, 83 S.W.2d 929, 934 (1935)). To require the comptroller to obtain a court order before the appropriate official must even report what he or she is holding would not be consistent with the existing legislative purpose or plan with regard to the handling of abandoned or unclaimed property: placing the comptroller in perpetual custody of such property for the protection of individuals who fail to timely claim their property. *See State v. Snell,* 950 S.W.2d 108, 113 (Tex.App.—El Paso 1997, no writ). The construction we reach today is consistent with the reporting requirements mandated by chapter 74 of the Property Code. Tex. Prop.Code Ann. §§ 74.001, .101 & .301. Accordingly, we reject the State's argument insofar as it contends the Dallas County officials must deliver the cash bail bonds without prior order of a court, but we agree that the officials must report them without such an order.

Having held that cash bail bonds, under appropriate circumstances, can constitute unclaimed or abandoned property, we next address the Dallas County officials' contention that as a matter of law they are entitled to a reduction of the amount of cash bail bonds the State claims must be reported and delivered. The State originally sought a certain amount of cash bail bonds based on an audit the State conducted of the officials' records and accounts. The results of this audit appear in the State's summary-judgment proof. In support of the officials' motion for summary judgment, and in response to the State's motion, an employee of the county clerk's office averred that certain of the specific bonds the State seeks in this proceeding had been forfeited or refunded (and thus presumably could never constitute unclaimed or abandoned property). *See* Tex.Code Crim. Proc. Ann. arts. 17.02 & 22.01–22.17 (West 1989 & Supp.1998).

■ The purpose of the summary judgment rule is not to provide a trial by affidavit, but to provide "a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact." *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 563 (1962). The summary-judgment proof submitted by the parties reflects the existence of a genuine issue of material fact with regard to the amount of unclaimed or abandoned cash bail bonds held by the county clerk for the period at issue in this case. Accordingly, summary judgment as to the amount of cash bail bonds to be included in the report to the comptroller would not have been proper on the record before us.

■ We next address whether the trial court properly ordered Dallas County, as opposed to the parties sued, to file reports pursuant to Chapter 74 of the Property Code. Section 74.101(b) of the Property Code requires that once a holder has filed a report with the State, he or she must continue to file reports annually, regardless of whether the holder has any reportable property in the report year. *See* Tex. Prop.Code Ann. § 74.101(b). The summary-judgment record

reveals that both the county clerk and the county treasurer have filed unclaimed property reports in the past. We are aware of no statutory provision that relieves these prior holders of their continuing obligation to file annual reports. We therefore hold the trial court erred in ordering the non-party Dallas County, as opposed to the appropriate court clerk [4] or official, to file reports in accordance with Chapter 74 of the Property Code. We agree with the State's second argument.

## CONCLUSION

We reverse the trial court's judgment insofar as it orders Dallas County to file reports pursuant to Chapter 74 of the Property Code. We also reverse the trial court's judgment insofar as it concludes as a matter of law that cash bail bonds in general, and the bonds at issue in this case, are not subject to the unclaimed property provisions of the Property Code. We remand these portions of the cause to the trial court for further proceedings consistent with this opinion. We affirm the trial court's judgment in all other respects.

---

[4.] We note that only one court clerk is a party to this action: the county clerk. The county clerk may or may not be the only appropriate party with respect to reporting cash bail bonds. *See* Tex. Local Gov't Code Ann. § 117.0521 (county and district clerks may be custodians in counties with population less than 2.4 million), § 117.120 (only district clerks deemed custodians of court registries in counties with population over 2.4 million).